323 So.2d 243 (1975)
SUCCESSION OF Adam J. KELLY and Nina M. Pellegrin Kelly
v.
Evelyn L. Kelly SCHAUFF,
No. 10513.
Court of Appeal of Louisiana, First Circuit.
November 24, 1975.
*244 Ernest A. Kelly, Houma, for appellants.
Frank S. Normann, New Orleans, and Huntington B. Downer, Jr., Houma, for Evelyn L. Kelly Schauff.
Before LANDRY, COVINGTON and BARNETTE, JJ.
BARNETTE, Judge.
The appellants have appealed a judgment of the District Court denying their motion seeking the removal of the administratrix. Since that judgment was rendered and the appeal taken, the administratrix has been removed for reasons other than those complained of by appellants, and one of the appellants has been appointed administrator of the succession in her place and stead and has qualified by taking the oath and filing bond as required by law. No appeal was taken from the judgment revoking the appointment of the administratrix and removing her from office and appointing a new administrator. The issue of removal of the administratrix appealed is therefore moot and will be dismissed. There remains, however, the issue of penalty provided by Article 3222 of the Code of Civil Procedure.
The decedents, Adam J. Kelly and his wife, Nina M. Pellegrin Kelly, died respectively on January 5, 1975 and October 6, 1972. They were survived by three children, namely Ernest A. Kelly, Allen J. Kelly and Mrs. Evelyn L. Kelly Schauf.
The three surviving children, after the death of their father, Adam J. Kelly, agreed among themselves that the successions would be opened with the brother, Ernest A. Kelly, who is a practicing attorney in Terrebonne Parish, to act as attorney and direct the legal proceedings necessary. The sister, Evelyn Kelly Schauf, would be appointed administratrix and the brother, Allen J. Kelly, would sign the administratrix's bond as surety. This was done and the administratrix qualified and letters of administration issued on January 22, 1975.
During the course of the administration a "Retirement Annuity Contract" issued to Adam J. Kelly by the National Life and Accident Insurance Company was presented for payment of the proceeds. The first named beneficiary was "Nina P. Kelly, wife" and the second named beneficiary was "Evelyn K. Schauf, daughter." Since *245 their mother, Nina P. Kelly had predeceased the insured, the two brothers and sister assumed the proceeds would be paid to Evelyn K. Schauf, individually.
Upon presentation of claim for payment it was learned that Mr. Kelly, the insured, had, several months before his death, executed a settlement agreement with the Insurance Company providing for a change of beneficiary, making the proceeds payable to his estate. Accordingly a check in the amount of $17,445.16 was issued payable to Evelyn Kelly Schauf, Administratrix of the Estate of Adam J. Kelly.
Mrs. Schauf protested to her brothers that their father had intended that she, individually, have the proceeds of the insurance contract. Her attorney brother, as her legal adviser and as attorney for the estate attempted to convince her that the change of beneficiary which their father had executed made the proceeds payable to his estate and that it was her duty as administratrix to deposit the funds in the succession account.
A serious dispute raged between the sister, Mrs. Schauf, and her brothers over the proceeds of the insurance contract. Mrs. Schauf sought in vain to have the Insurance Company issue another check payable to her individually. About this point in time Mrs. Schauf engaged private counsel to represent her individually in her dispute with her brothers.
The check in question came into possession of Mrs. Schauf on February 14 and finally deposited by her under protect in the succession account on March 7, 1975. In the meantime, the brothers, Allen J. Kelly and Ernest A. Kelly, on February 20, 1975, filed a motion for removal of the administratrix under the authority of Article 3222 of the Code of Civil Procedure for failure and "refusal" to deposit the check (or draft) in question, in the Succession Account, promptly. C.C.P. Article 3222 provides as follows:
"A succession representative shall deposit all moneys collected by him as soon as received, in a bank account in his official capacity, in a state or national bank in this state, and shall not withdraw the deposits or any part thereof, except in accordance with law.
"On failure to comply with the provisions of this article, the court may render a judgment against the succession representative and his surety in solido to the extent of twenty percent interest per annum on the amount not deposited or withdrawn without authority, such sum to be paid to the succession. He may also be adjudged liable for all special damage suffered, and may be dismissed from office."
Additionally they alleged that the administratrix had failed to dispose of "rapidly depreciating" property. The so-called "rapidly depreciating" property consisted of two old automobiles which the movers contended should have been sold pursuant to the order authorizing the sale.
By supplemental motion the two brothers sought to have the brother, Allen J. Kelly, released from the administratrix's bond and alleged his lack of sufficient property to meet the financial responsibility which he had assumed as surety. In this supplemental motion they seek to have the penalty provisions of C.C.P. Article 3222 imposed upon their sister for her failure to promptly deposit the proceeds of the insurance contract in the succession account.
On trial of the rule the facts alleged by the movers were substantially proven. Their sister, the administratrix, did not testify and offered no witnesses in rebuttal. There is, therefore, no serious issue of fact.
The trial judge exercised the discretion vested in him by C.C.P. Article 3222 and said in his written Reasons for Judgment:
"The Court does not believe the delay in depositing the insurance proceeds to *246 be unreasonable under the conditions confronting Mrs. Schauf."
Accordingly he held this was not sufficient cause for removal of the administratrix. He did find, however, that the surety on the bond, Mr. Allen J. Kelly, "does not possess adequate financial resources or property to respond to the extent of the sum of $117,072.81." [The amount of the bond].
The judgment rendered and signed on April 8, 1975, is in pertinent part as follows:
"IT IS ORDERED, ADJUDGED, AND DECREED that there be judgment herein in favor of the defendant in rule, Mrs. Evelyn L. Kelly Schauf, and against movers in rule, Mr. Ernest A. Kelly and Mr. Allen J. Kelly, rejecting and denying their demands that Mrs. Schauf be removed as administratrix of this succession, and their rule is dismissed;
"IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the personal surety bond posted by the administratrix be, and it is hereby declared null and void, and it is set aside;
"IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the administratrix, Mrs. Evelyn L. Kelly Schauf be, and she is hereby ordered to post a surety bond issued by a good and solvent surety company authorized to do and doing business in the State of Louisiana, within fifteen days from date hereof, and upon her failure to furnish and file said bond in this record as herein ordered, she shall be automatically removed as the administratrix of this succession;
"IT IS FINALLY ORDERED, ADJUDGED, AND DECREED that the administratrix, Mrs. Evelyn L. Kelly Schauf, be, and she is hereby ordered and directed not to take any action or to perform any duties as administratrix in this succession until such time as she has furnished and filed in the record a surety bond as hereinabove directed."
This is the judgment which is now before us on this appeal. It should be noted that it makes no mention of the issue of penalty which the movers pleaded. We will discuss this more fully below.
On April 25, more than fifteen days after the rendition of the foregoing judgment, the brother (and appellant), Allen Joseph Kelly, filed a petition for appointment as administrator, alleging the failure of the administratrix to post the bond ordered by the judgment of April 8. He alleged that Mrs. Schauf had been "automatically" removed from the office administratrix by the express terms of that judgment.
By order of the court on May 8, 1975, the appointment of Evelyn L. Kelly Schauf as administratrix was revoked and she was removed. In the same order the court appointed Allen Joseph Kelly administrator of the succession. On the same day, Allen Joseph Kelly qualified as administrator by filing the oath and bond as required by law and the Court's order and letters of administration were issued.
No appeal was taken from that order and the removal of Evelyn Kelly Schauf as administratrix is final. The issue of her removal as presented by the appeal of the judgment of April 8, 1975 is therefore moot and will not be considered.
As stated above, the issue of imposition of penalty under the provisions of C.C.P. Article 3222, which was pleaded and prayed for by appellants in their supplemental and amended motion for removal was not specifically mentioned in the judgment of April 8.
This court said in Nicholson v. Holloway Planting Company, 216 So.2d 562 (La.App. 1st Cir. 1968); writ granted, 253 La. 622, 218 So.2d 900 (1969); affirmed, 255 La. 1, 229 So.2d 679 (1969):
"Our courts have repeatedly held that silence in a judgment as to any part of *247 the demand or prayer made in a litigation is a rejection of that part of the demand or prayer. See R. F. Mestayer Lumber Co. v. Cusack, La.App., 141 So.2d 166 and Montagne v. Tinker, La.App., 201 So.2d 701." 216 So.2d 562 at p. 575.
See also Succession of Foster, 240 La. 269, 122 So.2d 96 (1960); Fireman's Fund Insurance Company v. Myrick, 317 So.2d 632 (La.App. 1st Cir. 1975); Guilbeau v. Guilbeau, 308 So.2d 435 (La.App. 3d Cir. 1975); writ refused, 313 So.2d 239 (La.1975); LaHitte v. Acme Refrigeration Supplies, Inc., 192 So.2d 172 (La.App. 4th Cir. 1966), writ refused, 250 La. 99, 194 So.2d 98 (1967); cert. denied 389 U.S. 821, 88 S.Ct. 44, 19 L.Ed.2d 73 (1967); rehearing denied 389 U.S. 1025, 88 S.Ct. 583, 19 L.Ed.2d 674 (1967).
It is obvious from a reading of the trial judges "Reasons for Judgment" that he did not find the administratrix to have committed any serious breach of duty and that there was no basis for the imposition of the statutory penalty. His failure to specifically so decree in the judgment of April 8 was no doubt an oversight on his part or more likely, perhaps, on the part of the attorney who prepared the judgment. In any event a rejection of the demand for penalty was manifestly within the proper exercise of the discretion vested in the court.
Article 3222 of the Code of Civil Procedure provides that the court may render a judgment imposing a penalty of twenty percent against the succession representative for failure to deposit succession funds "as soon as received." It further provides: "He [the succession representative] may also be adjudged liable for all special damage suffered, and may be dismissed from office." (Emphasis added) It is our opinion that this means that the penalty may within the court's discretion, be imposed without the necessity of also removing the succession representative from office.
For this reason, it is our opinion that the issue of assessment of penalty against the administratrix is properly before us on this appeal and that it is the only issue presented for our consideration, since the principal issue appealed, namely the removal of the administratrix, is moot.
The evidence and all other circumstances clearly support a judgment rejecting the penalty. To hold otherwise under the facts here presented would be a manifest abuse of discretion. The judgment, insofar as it rejects the movers, appellants, demand for penalty will be affirmed.
The appeal insofar as it relates to the judgment rejecting the motion for removal of the administratrix is dismissed as moot. Insofar as the judgment appealed rejects the demand for assessment of penalty, it is affirmed, all at appellant's cost.
Appeal dismissed in part affirmed in part.