400 So.2d 1184 (1981)
Frank WILSON, Jr.
v.
AVIS RENT-A-CAR et al.
No. 14108.
Court of Appeal of Louisiana, First Circuit.
April 13, 1981.
*1185 Warren E. Byrd, II, Richard J. Dodson, John Caskey, Baton Rouge, for plaintiff-appellant Frank Wilson, Jr.
W. Arthur Abercrombie, Jr., Baton Rouge, for defendant-appellee Avis Rent-A-Car System, Inc.
Bart Eaton, R. Bruce Macmurdo, Baton Rouge, for defendant-appellee General Motors Corp.
Before LOTTINGER, EDWARDS and PONDER, JJ.
PONDER, Judge.
Plaintiff appealed from a judgment dismissing his suit against Avis Rent-A-Car (Avis) and Raymond J. Smothers for damages sustained in a rear-end collision.
The issues are strict liability of defendant Avis and contributory negligence of plaintiff.
We affirm.
Defendant Smothers was operating an automobile rented from defendant Avis Rent-A-Car. He testified the vehicle's electrical system partially failed, causing the car to stall atop the Mississippi River Bridge on U.S. 190 in Baton Rouge. Plaintiff struck the stalled vehicle from the rear. In dismissing plaintiff's suit in strict liability against defendant Avis, the court found plaintiff had failed to prove the existence of a defect in the automobile. Smothers did not answer the petition or appear at the trial.
Plaintiff claims Avis as the owner of the stalled vehicle is strictly liable for his damages due to a defect in the automobile. Citing Marquez v. City Stores Co., 371 So.2d 810 (La.1979), he argues the mere happening of an "unusual occurrence" is sufficient to establish that a thing is "defective." We feel plaintiff's reliance is misplaced. There the court found the accident could not have occurred absent a defect in the escalator.[1] The nature of the occurrence, a stalled car, is not so unusual that the defect proved itself. (The stalling, if it occurred, could have resulted from numerous causes other than a defect in the vehicle.) Defendant Avis introduced evidence to prove the car was put back into service without repair to the functioning parts of the car. We agree with the court that plaintiff has not proved the car was defective.
The judgment does not contain an explicit dismissal of plaintiff's suit. However, in a consolidated and simultaneously tried suit, the court rendered judgment against appellant as a joint tortfeasor. Moreover, the costs in this suit were assessed against appellant. The omission of a grant of requested relief in a judgment is a denial thereof. Succession of Kelly v. Schauff, 323 So.2d 243 (1st Cir. 1975).
Upon review of the facts we agree with the court's conclusion that appellant was contributorily negligent.
For these reasons, the judgment is affirmed at appellant's costs.
AFFIRMED.
NOTES
[1] The Supreme Court refused to allow a mechanical application of this doctrine. See Shipp v. City of Alexandria, 395 So.2d 727 (La.1981).