419 So.2d 543 (1982)
FINANCEAMERICA CORPORATION, Plaintiff-Appellee,
v.
Larry THIBODEAUX and Lana Thibodeaux, d/b/a Superior Boat Sales, Defendants-Appellants.
No. 82-41.
Court of Appeal of Louisiana, Third Circuit.
August 31, 1982.
*544 Harold L. Savoie and Charles N. Wooten, Ltd. by Dan Keefe, Lafayette, for defendants-appellants.
J. Lomax Jordan, Jr., Lafayette, for plaintiff-appellee.
Before CULPEPPER, FORET and STOKER, JJ.
STOKER, Judge.
This is an action to enforce an express warranty contained in an act of assignment of a promissory note and chattel mortgage. Garry Dunn, third party defendant and petitioner in reconvention, purchased a used boat and out-board motor and a trailer in May of 1979 from Larry and Lana Thibodeaux, defendants, doing business as Superior Boat Sales. The trial court granted judgment in favor of plaintiff, FinanceAmerica Corporation but only against defendant-appellant, Larry Thibodeaux, d/b/a Superior Boat Sales. Garry Dunn executed a promissory note and chattel mortgage on the above described property which was assigned to FinanceAmerica, plaintiff. In the written act of assignment, Superior Boat Sales warranted to FinanceAmerica that the "... chattel mortgage is genuine and in all respects what it purports to be..." and "... that all statements and facts therein are true ...". The assignment of mortgage also contains this statement:
"The undersigned makes said warranties for the purpose of inducing assignee to purchase the said chattel mortgage and the note referred to therein; and if any such warranty shall be untrue, the undersigned shall buy from Assignee upon demand said note and chattel mortgage and will pay therefor not less than the amount owed plus any and all costs and expenses paid or incurred by Assignee in respect thereto ...".
Garry Dunn subsequently discovered a discrepancy between the serial numbers on the boat and the motor and the numbers listed on the promissory note paraphed to the chattel mortgage. The serial numbers on the boat and motor indicated that the boat was a 1974 model and the engine was a 1975 model. However, the erroneous serial numbers for these items as written on the promissory note indicated that both the boat and motor were built in 1977.
Garry Dunn tried to sell the boat because of his inability to meet the payments, but the potential buyer turned down the offer when the discrepancy in the serial numbers was discovered. Dunn then notified FinanceAmerica of the problem. FinanceAmerica in turn contacted Thibodeaux and demanded that Superior Boat Sales buy the note back under its warranty. Larry Thibodeaux apparently agreed to repurchase the note at first, and then later refused after the boat was destroyed in a fire and Dunn declared bankruptcy. FinanceAmerica instituted this suit to force the defendants *545 to honor the warranty. The trial court rendered judgment in favor of FinanceAmerica for $3,932.26 with legal interest from the date of judicial demand against Larry Thibodeaux, d/b/a Superior Boat Sales.
The judgment in favor of FinanceAmerica Corporation did not run against Lana Thibodeaux. Larry and Lana Thibodeaux made Garry Dunn a third party defendant. Garry Dunn reconvened against them. Apparently the trial court did not act on these claims, but neither of these parties appealed from this rejection of their incidental demands. They are not mentioned in the trial court's judgment and are therefore considered rejected. Succession of Kelly v. Schauff, 323 So.2d 243 (La.App. 1st Cir. 1975) and Nicholson v. Holloway Planting Co., 216 So.2d 562 (La.App. 1st Cir. 1968), affirmed, 255 La. 1, 229 So.2d 679 (1969).
Defendants assign two errors allegedly committed by the trial court:
1) The trial court erred in granting judgment against Larry Thibodeaux without requiring that FinanceAmerica attempt to seize the mortgaged items or that FinanceAmerica show that they sustained a loss as a result of the incorrect figures on the promissory note.
2) The trial court erred in allowing the introduction into evidence of a deposition taken from Garry Dunn without the presence of the defendants' attorney.
The trial court rejected defendants' first argument and found that FinanceAmerica bargained for a chattel mortgage which could be enforced through executory proceedings. The discrepancy in the serial numbers on the promissory note makes the chattel mortgage unenforceable by executory process. Furthermore, the erroneous serial numbers on the note are violative of the warranty made by defendants that all statements and facts in the documents are true. The violation of the warranty alone triggers the contractual right of FinanceAmerica to demand that defendants repurchase the note.
We agree with the trial court that the obligation of defendants to repurchase the note is contractual. The contract does not require that FinanceAmerica attempt to enforce the chattel mortgage despite the faulty description of the mortgaged property. Furthermore, FinanceAmerica need not under the contract show any particular loss as a result of the incorrect statements of facts in the promissory note. FinanceAmerica need only show that all the statements made on the chattel mortgage were not true. Adequate testimony was presented at trial to support the trial court's finding that the serial numbers on the chattel mortgage were incorrect and, furthermore, that this error affected the validity of the mortgage. Thus, FinanceAmerica is entitled to enforce the contractual remedy provided for in the warranty provisions of the act of assignment of the mortgage. There is no requirement in the act of assignment that FinanceAmerica must attempt to execute the mortgage or prove loss before it can enforce its right to rescind the sale of the mortgage. Defendants' first assignment of error is without merit.
Defendants' second assignment of error, that the trial court erred in admitting into evidence the deposition of Garry Dunn, is likewise without merit. Defendants' attorney was properly notified of the time and place of the taking of the deposition. By his own admission he simply chose not to attend the deposition. The notice satisfied the requirements of LSA-C.C.P. arts. 1430 and 1438 for the proper taking of depositions. Furthermore, the deposition was properly introduced into evidence as the deponent, Garry Dunn, was out of state at the time of the trial. See LSA-C.C.P. art. 1450(3)(b). Finally, defendants do not state what harm was caused by the introduction into evidence of the deposition. We find that the outcome of this case is not affected by the introduction of the deposition. Therefore, we find that the trial court properly received the deposition of Garry Dunn into evidence; and that, even if the trial court erred in receiving this evidence, the error was harmless.
*546 For the foregoing reasons, the judgment of the trial court is affirmed. The costs of this appeal are assessed to defendant-appellant Larry Thibodeaux, d/b/a Superior Boat Sales.
AFFIRMED.