STOKER, Judge.
Margaret Celestine sued Charles Do-mingue and Domingue’s employer’s insurer for damage sustained in a rear-end collision between Celestine and Domingue. Do-mingue was driving a pickup truck owned by his employer, Advance Chemical & Janitorial Supply, Inc. Advance’s insurer, Fireman’s Fund Insurance Company, reconvened for $416.12, the amount paid to Advance for damage to the pickup. Advance intervened against Margaret Celestine for the $250 deductible not covered by its insurance.
The trial judge concluded that the defendant caused the accident by following too closely and failing to yield to a vehicle already stopped in his lane of traffic. He awarded Margaret Celestine $314.44 property damage, $81 medical expenses, and $250 for pain and suffering. The plaintiff appeals the allegedly inadequate award for pain and suffering. Fireman’s Fund and Advance answered the appeal complaining of the denial of the reconventional demand filed by Fireman’s Fund and the demand asserted by Advance through its intervention. Fireman’s Fund also asks for damages for frivolous appeal.
LIABILITY
The accident occurred in Calcasieu Parish on Highway 171, a four-lane thoroughfare, on February 27, 1983. Margaret Celestine pulled out of a gas station parking lot located on the west side of the highway. She then turned south, crossed the right-hand (outer) southbound lane of Highway 171, and stopped in the left-hand (inner) lane. She was preparing to make a left turn, but had to wait for the approaching northbound traffic to clear. Domingue was driving a pickup truck with a boat in tow in the left-hand southbound lane. As he approached Celestine’s stopped vehicle, he hit his brakes and veered slightly to the right. A truck in the right-hand lane prevented Domingue from moving over. Do-mingue’s truck had almost come to a stop, but the left front of his vehicle hit the right rear of Celestine’s car, causing minor damage.
We find no error in the finding of the trial judge that Domingue caused the accident. Celestine testified that she had been stopped in the left-hand lane some 15 seconds before the impact. The evidence supports the judge’s conclusion that Domingue had ample time to spot Celestine’s vehicle and to stop without hitting her.
The trial court did not mention the demands of Fireman’s Fund or Advance in its reasons for judgment or the formal judgment. While this is enough to constitute a rejection of these claims, FinanceAmerica Corp. v. Thibodeaux, 419 So.2d 543 (La.App. 3d Cir.1982) and Wilson v. Avis Rent-A-Car, 400 So.2d 1184 (La.App. 1st Cir. 1981), their claims obviously fall under the *189 finding of the trial court that Domingue’s actions were the sole cause of the accident.
Unfortunately the trial court’s reasons for judgment contain what on its face appear to be inconsistent findings and holdings. In describing the accident the trial court states: “The evidence further reflects that Mr. Domingue could not avoid a rear-end collision with the Celestine vehicle, when Ms. Celestine pulled out in front of Mr. Domingue.” Taken in its ordinary meaning, such a finding should dictate a finding that Domingue was not at fault and Celestine was guilty of fault. However, in summing up the evidence the trial court stated: “The court finds ... that the sole cause of the accident, [sic] were the actions of defendant in this matter by following too closely and by failure to yield to the vehicle that was already stopped in his lane of traffic.”
In order to resolve the apparent inconsistency of these two statements, we interpret the second statement to reflect the trial court’s true findings. The evidence is consistent with such a finding. By the first statement the trial court evidently meant that Domingue “could not avoid a rear-end collision” because of his fault. Based on this interpretation, we find no manifest error in the trial court’s finding of liability.
DAMAGES
Margaret Celestine injured her back in a 1979 accident and underwent chiropractic treatment for nine months. She fractured her ankle in 1980. She underwent surgery to correct the damage. At the time of the accident at issue, she said that her right foot, which was on the brake, came down to the floor, and her foot was flexed forward. She felt no pain until later, when her lower back and her right ankle began to hurt. She took pain pills prescribed for her previous ailments. She went to an orthopedic surgeon a month after the accident, and returned to her chiropractor in April, 1983. The records of these doctors do not indicate that Margaret Celestine attributed her complaints to the accident in February, 1983. Not until she returned to the orthopedic surgeon to ask for a report for litigation purposes did she mention the collision with Domingue. The testimony showed that the accident could have aggravated her previous conditions, but it was just as likely that arthritis was the cause of her complaints.
The trial judge awarded only $250 for pain and suffering because he was not convinced that Margaret Celestine’s complaints were caused by the 1983 wreck. This was a minor accident, as evidenced by the absence of substantial property damage. The award was sufficient to compensate Mrs. Celestine for the slight discomfort attributable to the accident at issue.
CONCLUSION
For the reasons given above we affirm the judgment of the trial court in favor of Margaret Celestine and against the defendant, Fireman’s Fund Insurance Company. We also affirm the rejection of the demands of Fireman’s Fund Insurance Company and Advance Chemical & Janitorial Supply, Inc. We also reject their demands for frivolous appeal.
Inasmuch as plaintiff Margaret Celestine did not prevail with respect to the complaint she raised in this appeal, it is proper to assess a portion of the costs to her. Therefore, the costs of this appeal are assessed one-half to Margaret Celestine, one-fourth to Fireman’s Fund Insurance Company, and one-fourth to Advance Chemical & Janitorial Supply, Inc.
AFFIRMED.