411 So.2d 1276 (1982)
Malcolm Keith PEARCE, et al., Plaintiff-Appellee,
v.
L. J. EARNEST, INC., et al., Defendant-Appellant.
No. 8670.
Court of Appeal of Louisiana, Third Circuit.
March 17, 1982.
Writ Denied May 7, 1982.
*1277 Gist, Methvin, Hughes & Munsterman, David A. Hughes, Alexandria, for defendant-appellant-appellee.
James B. Frederick, Jr., Baton Rouge, for defendant-appellee-appellant.
E. L. Edwards, Jr., Many, for plaintiffs-appellees.
Before FORET, CUTRER and DOUCET, JJ.
DOUCET, Judge.
Plaintiffs instituted this trespass action against the Department of Transportation and Development, and its contractor, L. J. Earnest, Inc., seeking damages for destruction of numerous ornamental trees and other property damage and, additionally, damages for inconvenience and mental anguish. The Department filed a third party demand *1278 against Earnest and its insurer, Safeco Insurance Company of America, who in turn filed a third party demand against the Department. The trial court granted judgment in favor of plaintiffs and cast the defendants liable in solido. Defendants appeal. We affirm.
Plaintiffs, Malcolm Keith Pearce[*], Laverne P. Hatcher, Velma P. Lewis, Katie P. Flaming, Nanette P. McFerin, Billy G. Pearce, Glenda P. Jacobs, and Michael G. Pearce brought suit alleging themselves to be owners, by virtue of inheritance from their deceased father and mother, of a certain tract of land adjacent to the Toledo Bend Forest Scenic Drive, located on La. Route 191 in Sabine Parish. Named as defendants were the Department of Transportation and Development (DOTD) and L. J. Earnest, Inc., parties in the process of improving the aforesaid highway. Plaintiffs alleged that on May 18, 1978, the defendants trespassed on plaintiffs' property and did substantial damage thereto over the course of several weeks, including removal of a fence, filling in a stock pond, and destroying numerous ornamental trees, to wit: twenty-six (26) pine trees measuring sixteen (16) inches and above in diameter, one (1) black walnut tree approximately fifteen (15) years of age, and one (1) mature Balsam Poplar tree, two (2) Catalpa trees eighteen (18) inches in diameter, one (1) Tulip tree twenty-five (25) years of age, and one (1) Red Oak tree thirty-five (35) inches in diameter. Additionally, plaintiffs claimed a gate was destroyed and the driveway was rendered impassable. Plaintiffs sought damages for destruction of the above items and resultant inconvenience, mental pain and anguish.
The Department of Transportation and Development answered, denying any liability, and made L. J. Earnest, Inc. and its insurer, Safeco Insurance Company of America third parties, alleging that it had a contract and bond with said L. J. Earnest, Inc. for a certain road project, during the performance of which the alleged damage was done, and that Safeco Insurance Company of America was the insurer of said L. J. Earnest, Inc.
L. J. Earnest, Inc. answered Plaintiff's original petition with a general denial, then specially plead its contract with the Department of Transportation and Development, alleging it followed the instructions of said Department, and followed the plans and specifications it was furnished, and that if any damage was done it was under the instructions and direction of said Department.
L. J. Earnest, Inc. and Safeco Insurance Company of America answered the Third Party Demand, admitting its contract with the Department, and Safeco admitting its bond, and re-plead each and every answer of L. J. Earnest, Inc.'s original answer.
The Louisiana Department of Transportation and Development answered the Third Party Demand of L. J. Earnest, Inc. and Safeco Insurance Company of America, denying any liability on its part.
After trial of this matter, the trial judge concluded that the plaintiffs were in fact the owners of the property involved and granted judgment in favor of plaintiffs and against defendants, in solido, in the total sum of Eleven Thousand, One Hundred Fifty and no/100 ($11,150.00) Dollars. The judgment reflects awards of One Thousand, One Hundred Fifty and no/100 ($1,150.00) Dollars for costs of repair to the pond, Five Thousand Dollars ($5,000.00) for loss of the trees, and Two Thousand, Five Hundred and no/100 ($2,500.00) Dollars each for mental anguish and inconvenience suffered by Mrs. Laverne Pearce Hatcher and Malcolm Keith Pearce.
Defendant Department of Transportation and Development (DOTD) appealed, specifying as error the following trial court actions: 1) characterizing plaintiffs' action as one in tort rather than inverse condemnation; 2) concluding the plaintiffs were the *1279 owners of the property involved; 3) awarding $5,000.00 damages for loss of the trees and $5,000.00 for mental anguish and inconvenience. Defendants L. J. Earnest, Inc. and Safeco Insurance Company of America also appealed, essentially asserting all of the above alleged errors, and additionally claiming that the trial court erred in denying their third party demand against DOTD.
When DOTD first began the improvement project involved they acquired the necessary right-of-ways, including acquisition of deeds from C. M. Gray, Gerald W. Mooney and Glenice Mooney Woods, the record owners of the property in question. Subsequently the plaintiffs claimed ownership of said property through inheritance from M. G. Pearce and Laura Robinette Pearce, their parents, and/or through prescriptive title. The trial judge was convinced the evidence established that the plaintiffs were in fact the owners of the property. They and their ancestors had possessed the property for approximately 50 years. The bounds of their possession were well defined by a fence. Our jurisprudence is well settled that questions of fact are generally left to the trier of fact, and their findings should not be disturbed unless they are clearly wrong. Canter v. Koehring Co., 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). We find no manifest error.
Defendant DOTD asserts that the plaintiffs should be estopped from asserting tortious appropriations inasmuch as they failed to minimize damages by seeking injunctive relief, citing in support of their proposition: Gray v. State of Louisiana, through the Department of Highways, 250 La. 1045, 202 So.2d 24 (1967). In Gray the court stated, in regard to plaintiffs' inaction:
"... Their failure to act brings the case within the orbit of the equitable principle, long established in matters involving private corporations invested with powers of condemnation, that an owner of land who is aware that his property is being appropriated for a public use and stands aside taking no action to prevent the appropriation, cannot thereafter treat the appropriation as tortious. For in such cases he must be held to have impliedly consented to the appropriation and therefore recovery is restricted to just compensation for the property taken..." (Citations omitted)
However, we find the appellant's reliance on Gray to be misplaced. Plaintiffs, through their attorney contacted DOTD by letter dated April 6, 1978, informing the department of their claim to the property and the absence of any right-of-way on behalf of DOTD or any other party. Once construction crews arrived at plaintiff's property on or about May 18, 1978 and began to clear the purported right-of-way, Malcolm Keith Pearce approached employees of L. J. Earnest, Inc. and advised them of their lack of authority to perform work on the property. The employees retreated and contacted DOTD Project Engineer W. W. Marschand who directed them to proceed with work as required by the contract despite Pearce's unequivocable protest. Plaintiffs' suit followed shortly thereafter. The inapplicability of Gray thus becomes clear: plaintiffs' protest was clear and their resort to legal recourse was reasonably timely. Furthermore, in Gray the state had obtained an illegal ex parte order attempting to expropriate, whereas in the present case the state proceeded with no color of authority, notwithstanding notice of the probable invalidity of their actions. It is a universal rule of law that a grant of the power of expropriation is one of the attributes of sovereignty most fraught with the possibility of abuse and injustice. Accordingly, authority conferring such power, Gray included, must be strictly construed. Under these circumstances, the defendants are responsible for their tortious conduct and must respond in damages just as an ordinary person would do.
Generally the method of estimating the value of a shade or ornamental tree wrongfully removed is to compare the value of the surrounding property before and after removal; however, the trial court has *1280 discretion to apply a different measure of damages in cases involving willful and wanton disregard for the interests of the property owner. Daniel v. Department of Transportation and Development, 396 So.2d 967 (La.App. 1st Cir. 1981) writ denied, 400 So.2d 1385. In the latter instance, the proper factors to be considered include the size, species, condition and location of the tree. One of the major elements of damage claimed by plaintiffs was the destruction of a large red oak tree measuring approximately 31" to 36" in diameter. When sub-contractors of L. J. Earnest, Inc., employed to rebuild the fences adjoining the highway, reached the point of the aforesaid tree, they consulted with W. W. Welch who informed them to stick to the plan, again, in disregard of plaintiffs' protest. Numerous other trees were likewise destroyed in wanton disregard of the interests of the property owner. The record discloses that many of them were mature, majestic trees, incapable of valuation or replacement. All had aesthetic value; some screened out the highway. The trial court has great discretion in rendering an award that will do substantial justice, and this court will not disturb such an award in the absence of a clear abuse of discretion. Daniel v. Department of Transportation and Development, supra; Curole v. Acosta, 303 So.2d 530 (La.App. 1st Cir. 1974); Turner v. Southern Excavation, Inc., 322 So.2d 326 (La.App. 2nd Cir. 1975). The trial judge did not abuse his discretion.
Similarly, the trial court's finding that the property damage "was particularly distressing to Laverne Pearce Hatcher, and Malcolm Keith Pearce, who lived there" is entirely justified and his award of $2,500 to each was well within the discretionary range allowed by a trial court. Accord: Daniel v. Department of Transportation and Development, supra.
The trial judge apportioned the loss between defendants by casting them liable in solido. All defendants have appealed this ruling.
Safeco obligated itself under the terms of the contractor's bond, annexed to the state project contract, to "indemnify and safe harmless said Department of Transportation and Development against any loss or damage of whatever kind and character arising or occasioned by deeds of negligence of said principle, his agents, servants and employees, in the prosecution of the work...". DOTD argues that this indemnity agreement requires the contractor to indemnify DOTD for its own acts of negligence. Conversely, Safeco argues that it is the policy of the state that a contractor shall not be legally responsible for damages which occur as a result of performance of a contract performed in accordance with the plans and specifications, citing in support thereof LSA-R.S. 9:2771, which provides:
"No contractor shall be liable for destruction or deterioration of or defects in any work constructed, or under construction, by him if he constructed, or is constructing, the work according to plans or specifications furnished to him which he did not make or cause to be made and if the destruction, deterioration or defect was due to any fault or insufficiency of the plans or specifications. This provision shall apply regardless of whether the destruction, deterioration or defect occurs or becomes evident prior to or after delivery of the work to the owner or prior to or after acceptance of the work by the owner. The provisions of this Section shall not be subject to waiver by the contractor."
As we find merit in Safeco's argument, we reverse in this regard. The failure to obtain a right-of-way from plaintiffs, and resultant trespass, is a defect in constructing the improvement such that the contractor should not be liable for work done in accordance with the plan. Such a result is in accord with jurisprudence interpreting indemnity clauses. In the recent case of Bantin v. State of Louisiana, 411 So.2d 65 (La.App. 3rd Cir. 1982), this court observed that:
"A contract of indemnity whereby the indemnitee is indemnified against the consequences of his own negligence is strictly construed, and such a contract will not be construed to indemnify an *1281 indemnitee against losses resulting to him through his own negligent act, unless such an intention was expressed in unequivocal terms."
[Citing Polozola v. Garlock, Inc., 343 So.2d 1000, 1003 (La.1977)]
Strictly construing the above indemnity agreement, it becomes clear that the contract terms are insufficient to justify the trial judge's judgment against Safeco. Accordingly, we reverse in this respect and render DOTD alone liable for all sums awarded.
For the reasons assigned the judgment appealed from is amended to cast the Department of Transportation and Development liable for all sums awarded. In all other respects the judgment is affirmed.
AFFIRMED AS AMENDED.
NOTES
[*] Malcolm Keith Pearce died pending proceedings and his spouse and children were substituted as parties in his place.