472 So.2d 137 (1985)
Carlos A. SERRATE
v.
Denise Blanchard SERRATE.
No. 85-CA-103.
Court of Appeal of Louisiana, Fifth Circuit.
June 3, 1985.
*138 Trombatore & Moulton, Janet Moulton, Metairie, for plaintiff-appellant.
R. Lee Eddy, III, Metairie, for defendant-appellee.
Before CHEHARDY, BOWES and GAUDIN, JJ.
CHEHARDY, Judge.
Carlos A. Serrate appeals two separate judgments, one making executory child support arrearages in the amount of $2,180, the other implementing a revised visitation schedule and denying his petition for joint custody. Both judgments were rendered on November 9, 1984.
Denise Blanchard Serrate, Mr. Serrate's divorced wife and the custodial parent of their two children, has answered the appeal. She seeks the award of legal interest on the arrearages plus attorney's fees and costs pursuant to LSA-R.S. 9:305. She also seeks damages for frivolous appeal.
The arrearages judgment made executory payments due for December 1981 and January 1982 (totaling $1,950) and for June and November 1982 (totaling $230). The December 1981 and January 1982 payments, due pursuant to a judgment of December 21, 1981, are the ones at issue here.
Specifically, Mr. Serrate asserts Mrs. Serrate's claim for these is res judicata because she previously sought the December 1981 and January 1982 arrearages by a rule to show cause filed in January 1982. He contends these arrearages were at issue in a January 29, 1982 hearing on his own rule to vacate a December 1981 consent judgment and to decrease alimony and child support. The resulting judgment, rendered February 17, 1981, reduced the amount of child support he had to pay but was silent on the question of the December 1981 and January 1982 arrearages.
In his reasons for judgment, the trial judge stated that the arrearages were among the issues at the January 29, 1982 hearing. He also said,
"The Judgment of February 17, 1982 amounts to a vacation of the alimony and child support agreed to in the consent judgment but does not reflect that the Court intended to make the voiding of the judgment retroactive to the date of its signing. Although the opinion does not specifically award an executory amount for arrearages it also does not indicate that the Court felt that he had no liability in that regard. * * * However, this does not logically lead to the conclusion that the Court intended to relieve him of the arrearage. It merely means that the Court did not address the issue in its ruling. * * *"
It is settled law that the silence of the trial court on an issue raised by the pleadings and on which evidence was offered is to be taken as a rejection of that *139 demand, in the absence of an express reservation. LeNy v. Friedman, 372 So.2d 721 (La.App. 4 Cir.1979). See also, Gremillion v. Rapides Parish Police Jury, 430 So.2d 1362 (La.App. 3 Cir.1983); Finance America Corp. v. Thibodeaux, 419 So.2d 543 (La.App. 3 Cir.1982); Guaranty Bank & Trust Co. v. Carter, 394 So.2d 701 (La.App. 3 Cir.1981).
Where neither a motion for new trial nor an appeal is filed within the delays allowed by law, a final judgment acquires the authority of the thing adjudged. LSA-C.C. art. 3556(31). If the time fixed by law for appealing has elapsed, the ruling in question becomes final and is res judicata. Thomas v. Department of Corrections, 430 So.2d 1153 (La.App. 1 Cir.1983), writ denied 435 So.2d 432 and 438 So.2d 566. Thus, because the December 1981 and January 1982 arrearages were at issue in the January 29, 1982 hearing but were not adjudicated, they must be considered rejected. Mrs. Serrate's remedy was either to file a motion for new trial or to appeal the judgment of February 17, 1982. She did neither, therefore she cannot seek to change that which has become final. Nor has the district court the power to make a substantive change to the judgment now.
Admittedly, the situation before us is ironic; the judge who rendered the judgment appealed was the same one who rendered the February 17, 1982 judgment. It is obvious from his reasons for judgment he did not intend to reject Mrs. Serrate's demand for arrearages in the earlier proceeding, but simply overlooked them when rendering judgment. Nonetheless, the earlier judgment has become res judicata and he cannot now correct his earlier oversight. We would violate the sanctity of a fundamental legal principle were we to rule otherwise. See former LSA-C.C. art. 2286, redesignated as LSA-R.S. 13:4231 by Acts 1984, No. 331.
We now consider Mrs. Serrate's request for interest on the arrearages plus attorney's fees and costs. Although we have reversed the award of arrearages for December 1981 and January 1982, Mr. Serrate still owes the arrearages for June and November 1982, totaling $230. LSA-R.S. 9:305 provides, "When the court renders judgment in an action to make past due alimony or child support executory * * *, except for good cause, the court shall award attorney fees and costs to the prevailing party."
Mr. Serrate did not show good cause for his failure to pay the amounts owed in June and November 1982. Accordingly Mrs. Serrate is entitled to attorney's fees and costs. Bearing in mind that much of her attorney's work in this proceeding pertained to other issues, we assess attorney's fees in proportion to the amount of work required only to recover the June and November 1982 arrearages. We conclude $400 ($250 for the trial and $150 for the appeal) is a reasonable amount. In addition, Mrs. Serrate is entitled to legal interest on each past-due payment from the date it was due until paid. LSA-C.C. art. 1938 (repealed by Acts 1984, No. 331, and replaced by LSA-C.C. art. 2000).
The second judgment on appeal denied Mr. Serrate's petition for joint custody but established a more liberal visitation schedule. It granted primary custody to the mother while providing the father "shall be permitted to voice an opinion" on matters pertaining to the children. The trial judge stated,
"The Court does not consider joint custody to be in the best interest of the children because of the distance between the homes of the parents and the fact that they have exhibited an inability to cooperate over a three-year period."
The judgment granted Mr. Serrate visitation two weekends a month plus alternating holidays, except for Christmas. The judgment allows Mr. Serrate to have the children during the Christmas season from the beginning of their Christmas school holidays to 6:00 p.m. on Christmas Eve and the mother to have them from 6:00 p.m. on Christmas Eve until 6:00 p.m. on January 1. The court stated, "The above schedule appears to be consistent with the different *140 methods by which the parties celebrate Christmas according to testimony heard at the rule."
The judgment also established visitation during the children's summer school vacation at four weeks, divided into two consecutive weeks at a time. During the weeks the father has the children his weekend visitation will be excluded.
Mr. Serrate asserts the trial judge erred in denying him joint custody, contending there was insufficient evidence of any disagreement between the parties concerning the children and that the distance between the homes is insignificant. Mr. Serrate's proposed joint custody plan actually called for Mrs. Serrate to have primary physical custody of the children during the school year with his physical custody to be during the summer months.
The evidence establishes that Mrs. Serrate and the children live in Baton Rouge. Mr. Serrate lives in Kenner. Whenever he has visitation with his children he drives to Baton Rouge to pick them up and then continues some 50 miles westward to New Iberia, where his parents live. All his visitations with the children are spent at his parents' home.
Mr. Serrate testified he is an airline pilot whose job requires him to fly an average of 15 days per month, on three-to-four-day tours of duty. His plan, if he is granted joint custody, is to have physical custody of his children for eight or nine consecutive weeks in the summer. The children would stay at his parents' home the entire time and he would return there between his duty tours. He is entitled to two weeks' vacation a year but may not take these consecutively. He is sometimes able to juxtapose his vacation time and flying schedule so as to have as much as three weeks off at a time.
The record shows that the parties have been in court numerous times since the original suit for separation was filed, primarily in disputes over community property, alimony and child support. At the trial it was established that Mr. Serrate had refused or delayed to forward to his medical insurance carrier Mrs. Serrate's requests for reimbursement of the children's medical bills. He was unable to give a valid reason for these delays.
Mr. Serrate admitted that even if he were to have physical custody of his children he would be unlikely to spend more time with them than he already does; they would simply live with his elderly parents in New Iberia and he would visit them when his work schedule permitted.
Mrs. Serrate testified that she felt Mr. Serrate was trying to punish her through the children. She alleged that he has tried to "brainwash" the children against her. She stated she tries to accommodate Mr. Serrate's flying schedule by being flexible about his weekends with the children, but that they otherwise generally have been unable to agree. She feared that if they have joint custody every aspect of the children's lives would have to be adjudicated by the court.
Mrs. Serrate also testified that Mr. Serrate does not exercise all his visitation: some months he sees the children only one weekend; occasionally he has missed visitation altogether. In the summer preceding the hearing, he had not taken the full two weeks with the children to which he was entitled.
In Turner v. Turner, 455 So.2d 1374, 1378 (La.1984), the Supreme Court ruled, "The appropriate standard to be applied by the trial court in determining the custody of a child of a dissolved marriage is that of the `best interest of the child.' This standard * * * is the sole criterion to be met in making the award."
The legislation establishing joint custody, embodied in LSA-C.C. art. 146, provides there is a presumption in favor of joint custody; that presumption may be rebutted upon a proper showing that a different arrangement is in the child's best interest. Turner v. Turner, supra.
"The article 146 presumption only compels the judge to award joint custody in those cases where other things are equal; or where there is insufficient evidence to *141 rebut the presumption; or whenever neither parent alone would be able to manage a sole custody arrangement, and where it cannot be shown that it would be detrimental to the child to remain in parental custody. Effectively, the presumption only provides the judge with a first choice, which choice must be rejected in the face of evidence which tends to disprove the conclusion. In such a case, it becomes necessary for the other party to reestablish the propriety of the presumption's conclusion."
Turner v. Turner, supra, at 1379.
In the Turner case, the court concluded that, because the parents were consistently unable to agree on raising the children and were unable to settle their differences amicably or to insulate the children from their battles, the presumption in favor of joint custody had been rebutted and the children's best interests could not be served by a joint custody arrangement. The court placed great emphasis on the discretion of the trial judge in deciding what form child custody shall take.
In the case before us, the district judge who rendered the judgments on appeal has presided at all the litigation between the parties since the original separation proceedings. He has had the opportunity to observe them in court and to listen to their testimony several times. Under all the circumstances we find no abuse of discretion in his conclusion that the parents' inability to cooperate renders joint custody not in the children's best interest.
Next we address Mr. Serrate's contention that the district court should have awarded him additional time with the children in the summer and also should have awarded him alternating Christmas Day visitation.
His request for additional time during the summer is moot in light of our ruling on the joint custody issue. The judgment now allows him four weeks out of the summer; considering the limited amount of time he would be able to spend with the children due to his work schedule, we find no abuse of discretion in the vacation time allotted.
The judge awarded all Christmas Days to Mrs. Serrate because he was under the impression that Mr. Serrate and his parents celebrate Christmas on January 6 rather than December 25. Mr. Serrate and his parents are natives of Cuba and Mr. Serrate testified it is the Cuban custom to exchange gifts on January 6 rather than on Christmas Day. Mrs. Serrate testified that her family has a large gathering on Christmas Eve and Christmas Day, exchanging gifts and making a "big deal" out of the holiday, and that her children greatly look forward to this occasion.
Mr. Serrate contends the trial judge did not have adequate evidence on which to exclude him from Christmas Day visitation with his children. We agree. Even if his family exchanges gifts on January 6 there are other ways to celebrate Christmas. It is unfair to exclude him from an important holiday with his children on this basis. Although we know the district judge sought what he felt was the most equitable result, we conclude he should be reversed on this point and Mr. Serrate should be allowed alternating Christmas Days with his children.
Finally, Mr. Serrate contends the amount of child support he is required to pay should be reduced during the summer visitation periods. Since his summer visitation consists of two separate two-week periods, we do not consider his finances will be burdened by continuing to pay the usual amount of child support. He has made no showing it would cause him financial hardship in any way. Therefore the trial judge did not err in failing to reduce child support for summer visitation.
Mrs. Serrate sought damages for frivolous appeal. Because we have found merit to some of Mr. Serrate's contentions the appeal obviously was not frivolous and no damages are justified.
For the foregoing reasons, the judgment awarding arrearages is reversed insofar as it made executory past-due child support *142 for December 1981 and January 1982 in the amount of $1,950. It is amended to award Mrs. Serrate attorney's fees in the amount of $400 plus legal interest on the arrearages of June and November 1982 from due date until paid, and all costs.
The judgment relative to visitation is amended to allow each parent visitation on alternate Christmas Days, with Mr. Serrate to have the children on Christmas Day in even-numbered years and Mrs. Serrate to have them on Christmas Day in odd-numbered years. The schedule shall be that the parent having Christmas Day visitation shall have visitation from 6:00 p.m. on Christmas Eve until 6:00 p.m. on January 1st. The other parent shall have visitation from 6:00 p.m. on the last day of school prior to the Christmas holidays until 6:00 p.m. on Christmas Eve.
In all other respects both judgments are affirmed. Costs of this appeal are assessed against Carlos A. Serrate.
AFFIRMED IN PART; REVERSED IN PART; AND AMENDED.