LANDRIEU, Judge.
The plaintiff, Gerald Kimble, is the owner of land located between the Mississippi River levee and the Mississippi River in Plaquemines Parish. In 1988, the Plaque-mines Parish Government (the Parish) enacted an ordinance appropriating fill land from Kimble’s property to be used in the enlargement by the U.S. Army Corps of Engineers (the Corps) of the hurricane protection levee. Because the appropriation was for levee improvement purposes, the Parish assumed that the riparian servitude[1] was applicable and did not legally expropriate[2] the land or compensate Kimble.
Upon suit filed by Kimble, the trial court ruled that the riparian servitude did not apply to batture land used on a hurricane protection levee and that Kimble was entitled to compensation. This Court affirmed the trial court’s | ¿judgment and remanded the case back to the trial court for further proceedings. Kimble v. Board of Commissioners, 598 So.2d 1251 (La.App. 4 Cir.1992).
After trial on the damage issue, the judge concluded that neither party wished to change ownership of the land and that Kim-ble’s past history of selling dirt from the batture indicated that he would have been amenable to negotiating such a sale to the Parish. Accordingly, the judge found that Kimble’s loss was the value of the dirt taken from his batture.[3] Based on his finding that the value of the material removed from the batture was $2 per cubic yard and that the pit on Kimble’s property, dug to a relatively uniform depth of 4 feet, occupied 12.9 acres, the trial judge rendered judgment in favor of Kimble in the amount of $499,488 together with legal interest from date of judicial demand. Both parties appeal this judgment.
The principal issue on appeal is the appropriate measure of damages. Contending that this proceeding is an appropriation case, the Parish argues that as a matter of law the trial court erred in awarding damages based upon the volume of fill material removed from the batture property. Kim-ble’s property was not subject to appropriation under the levee servitude and, therefore, this case cannot properly be characterized as an appropriation case.
The Parish also contends that Kim-ble should be compensated as if the property had been expropriated which according to the Parish is the fair market value of the property taken, i.e. $2,150 per acre for the portion of Kimble’s property used as a borrow pit.[4] The power of expropriation is fraught |3with the possibility of abuse and injustice and, accordingly must be strictly construed. Although the Parish had the authority to expropriate Kimble’s property,[5] it failed to comply with constitutional and statutory requirements. See La. Const.Ann. art. *1114 I, § 4 (West 1977); La.Rev.Stat.Ann. 19:1 et seq. (West 1979 & West Supp.1994). In this case, Kimble unequivocally protested and filed suit in a timely manner. Under these circumstances, the Parish is responsible for its tortious conduct and must respond in damages just as an ordinary person would do. See Pearce v. L.J. Earnest, Inc., 411 So.2d 1276, 1279 (La.App. 3rd Cir.1982). Moreover, had Kimble’s property been legally expropriated, he would be entitled by statute to compensation for “the full extent of his loss.” La.Rev.Stat.Ann. 19:9 (West Supp. 1994).
Finally, the Parish contends that it is entitled to ownership of the property upon payment of the fair market value. Title is retained by the landowner, however, unless his land is expropriated. Plaquemines Parish Com’n v. Hero lands Co., 388 So.2d 790, 792 (La.1980) (citations omitted). Clearly, transfer of title in expropriation eases requires compliance with the mandated legal procedures, i.e. due process, and does not arise out of payment alone made to the landowner.
Kimble, on the other hand, argues that he is entitled to trespass damages[6] because the Parish acted in bad faith. He failed to prove, however, that the defendant’s action was without adequate or determining principle or Lwas unreasoned.[7] In light of the Parish’s assumption that the riparian servitude was applicable to hurricane protection levees, we cannot say its actions constitute bad faith.
Kimble also claims that he should be awarded $24,000 for the future cost of budding a new road across the batture. The trial judge did not make such an award, however, nor is it clear from the record why such a road is necessary as a result of the excavation of the borrow pit.
Kimble’s counsel, retained under a 40% contingency fee, argue that under La. Rev.Stat.Ann. 13:5111 (West 1991), Kimble is entitled to recover attorney fees not limited to the percentage established by the expropriation statutes. Because we look upon this as a tort ease, rather than an expropriation case, it is unnecessary for us to rule on the reasonableness of the $150,000 in fees claimed by counsel. Kimble is entitled, however, to interest from the date of judicial demand. La.Rev.Stat.Ann. 13:4203 (West 1991).
For the foregoing reasons, the judgment of the trial court is amended to include interest from date of judicial demand and, as amended, affirmed.

AMENDED AND AS AMENDED, AFFIRMED

. Under the riparian servitude, batture material may be used free of charge for the building of levees to protect from flooding caused by the riparian stream.

. See Gravolet v. Board of Com'rs, 598 So.2d 1231, 1235 (La.App. 4 Cir.1992) (where the State or governing authority needs property which would be subject to appropriation under the levee servitude, hut is not because the property is not going to be used for levee purposes, the property may still be expropriated under La. Const, art. I, § 4 and La.Rev.Stat. 19:1 et seq.) (citation omitted).

. Alternatively, the judge found that Kimble suffered damage to his property "which is properly recompensed by the cost necessary to restore the batture to its pre-pit condition.”

.The real estate appraiser called by the Plaque-mines Parish Government testified that the fair market value of the property was no more that $2150 per acre. The real estate appraiser called by Kimble testified that the property had a value of $10,000 per acre.

. We note, however, that the Parish failed to negotiate with Kimble as required prior to instituting legal expropriation proceedings. See La. Rev.Stat.Ann. 19:2 (West 1978); Faustina Pipe Line v. Levert-St. John, 463 So.2d 964, 967 (La.App. 3rd Cir.1985) (good faith negotiations with the landowner is a primary requisite in expropriation proceedings).

. Kimble argues that as a bad faith trespasser, the Parish is liable for the converted value of the dirt taken from Kimble, i.e. the "total value of Kimble’s dirt ‘as delivered,' ” including the mount paid by the Corps to private contractors for removing the dirt, placing it in trucks, and using it to enlarge the hurricane protection levee, as well as the value of the dirt at $2 per cubic foot, totalling $1,358,100.

. See Matherne v. Terrebone Parish Police 462 So.2d 274, 277 (La.App. 1 Cir.1977) (under La. ConstAnn. art. 1, § 2, plaintiff has right of review as to whether a political subdivision acted arbitrarily, capriciously, or in bad faith, but carries a heavy burden of proof).