RLANDRIEU, Judge.
We grant relator’s application for supervisory writs to review the judgment of the trial court denying relator’s request for a writ of mandamus to force respondent to pay a money judgment.
In 1988 the Plaquemines Parish Government (the Parish), over Gerald Kimble’s protest, seized fill dirt from Kimble’s property to use in the enlargement of the hurricane protection levee. Because the riparian servitude did not apply to batture land used on a hurricane protection levee, the trial court held that Kimble was entitled to compensation. The trial court awarded Kimble damages based upon the loss of the value of the dirt taken from Kimble’s property. On appeal, the Parish argued that this was an expropriation proceeding and Kimble was entitled to only the “fair market value” of the property. Affirming the judgment of the trial court, this Court stated:
The power of expropriation is fraught with the possibility of abuse and injustice and, accordingly, must be strictly construed. Although the Parish had the authority to expropriate Kimble’s property, it failed to comply with the constitutional and statutory requirements. See La. Const. Ann. art. I, § 4 (West 1977); La.Rev.Stat. 19:1 et seq. (West 1979 & West Supp.1994). In this case, Kimble unequivocally protested and filed suit in a timely manner. Under these circumstances, the Parish is responsible for its tortious conduct and must respond in damages just as an ordinary person would do. Pearce v. L.J. Earnest, Inc., 411 So.2d 1276, 1279 (La.App. 3rd Cir.1982). Moreover, had Kimble’s property been legally expropriated, he would be entitled by statute to compensation for the “full extent of his loss. ” La.Rev.Stat.Ann. 19:9 (West Supp.1994).
13Kimble v. Board of Com’rs for Grand Prairie Levee Dist., 94-1134 (La.App. 4th Cir. 1/19/95), 649 So.2d 1112, 1113-14, writ denied, 95-0405 (La. 4/7/95), 652 So.2d 1347, and writ denied, 95-0416 (La. 4/7/95), 652 So.2d 1347 (emphasis added) (footnote omitted).
Armed with the final judgment, Kimble demanded payment from the Parish. Receiving no response, he petitioned the trial court for a writ of mandamus seeking to compel the Parish to either pay the judgment in full, demonstrate its present ability and intention to do so, or to levy a tax sufficient to pay the judgment. The Parish filed an exception of no cause of action, claiming that because the case had been treated by the courts as a “tort” in determining Kimble’s damages, it was immune from any attempt to execute the “tort” judgment. The trial court maintained the exception and dismissed the mandamus action. Kimble is now before this Court seeking supervisory review of that ruling.
Since 1988 Kimble has sought to be compensated for the dirt which was illegally taken from his land by the Parish for hurricane levee purposes and the Parish has thus far refused to pay the judgment. The Parish contends that the remedies sought by Kimble *903 to enforce the judgment are available only for expropriation and appropriation cases and that the Parish, as a political subdivision, cannot be compelled by writ of mandamus to pay a tort judgment. In effect, the Parish argues that had Kimble’s property been legally appropriated or expropriated for levee or drainage purposes, it could have been compelled to pay compensation but because the Parish illegally took the property, the Parish cannot be compelled to pay compensation. This argument, while novel, is an insult to reason and justice.
The Parish’s interpretation of La. Const. Ann. Art. VI, § 42(A) (West 1977), is incorrect. That article does not speak of appropriation or expropriation (although such proceedings are clearly the approved method for seizing a citizen’s property for community purposes) but rather provides:
Notwithstanding any contrary provision of this constitution, lands and improvements thereon hereafter actually used or destroyed for levees or levee drainage purposes shall be paid for as provided by law. However, nothing contained in this Paragraph with respect to compensation for lands and improvements shall apply to bat-ture or to property the control of which is vested in the state or any political subdivision for the purpose of commerce. If the district has no other funds or resources from which the payment can be made, it shall levy on all taxable property within the district a tax sufficient to pay for property used or destroyed to be used solely in the district where collected.
|4This Court determined in Kimble v. Board of Commissioners, 598 So.2d 1251 (La.App. 4 Cir.1992)[1] that Kimble was entitled to compensation and we conclude that neither the Parish or the State had control of Kimble’s land for purposes of commerce.[2] In Kimble v. Board of Com’rs for Grand Prairie Levee Dist., supra, we determined the amount of compensation owed to Kimble.
“A writ of mandamus may be issued in all eases where the law provides no relief by ordinary means or where delay in obtaining ordinary relief may cause injustice_” La. Code Civ. Proc. Ann. art. 3862 (West 1994). Mandamus may issue against a public officer or body to compel performance of a ministerial duty. La.Code Civ. Proc. Ann. art. 3863 (West 1961). A landowner whose property was seized for levee purposes surely has the requisite special and peculiar interest to enforce performance of the express constitutional duty of the public body to levy a tax to pay for his lands destroyed for levee purposes,[3] particularly when more than seven years have elapsed without payment.
We reverse the judgment of the trial court denying Kimble’s request for writ of mandamus and order Clyde Giordano and Plaque-mines Parish Government and their respective successors alternatively (1) to pay the judgment immediately if funds are available or (2) to forthwith levy, in accordance with law, on all taxable property within the district, a tax sufficient to pay the judgment rendered in favor of Gerald Kimble and to pay the judgment immediately after receipt of the proceeds of the tax.

REVERSED.

.This Court affirmed the trial court’s judgment that Kimble was entitled to compensation because the riparian servitude did not apply to batture land used on a hurricane protection levee and remanded the case back to the trial court for a determination of damages.

. In any event, such a claim of control over Kimble’s property for purposes of commerce has never been raised in these proceedings.

. See La.Code Civ. Proc. Ann. art. 3863, comment (c).