676 So.2d 199 (1996)
Benedict C. GRAVOLET, Grace Kay Gravolet Priestly and Gayle Gravolet Loupe
v.
BOARD OF COMMISSIONERS FOR THE GRAND PRAIRIE LEVEE DISTRICT, Plaquemines Parish Commission Council and Parish of Plaquemines.
No. 95-CA-2477.
Court of Appeal of Louisiana, Fourth Circuit.
June 12, 1996.
*201 Jack A. Ricci, Gary J. Giepert, Ricci & Giepert, New Orleans, for Appellees.
Stephen C. Braud, Parish Attorney, Kevin D. Conner, Assistant Parish Attorney, Plaquemines Parish Government, Belle Chasse, for Appellants.
Before CIACCIO, ARMSTRONG, WALTZER, LANDRIEU and MURRAY, JJ.
WALTZER, Judge.
This is an appeal from a May 8, 1995 judgment of the district court fixing the amount of damages and attorneys fees. A brief history of the case is in order.
On July 7, 1989, plaintiffs sued the defendants arguing that the Parish wrongfully removed 125,000 cubic yards or 10 vertical feet of fill from their property for the purpose of constructing a back levee. Plaintiffs sought compensation and attorneys fees. On August 13, 1990, plaintiffs filed a motion for partial summary judgment on the issue of liability. In their memo supporting the motion for partial summary judgment, plaintiffs argued the following:

PLAQUEMINES PARISH IS LIABLE FOR THE ATTORNEYS FEES OF THE GRAVOLETS
According to Louisiana Revised Statute 38:301(C)(2)(f),
Reasonable attorneys fees may be awarded by the Court if the amount of the compensation found to be due by the State, [or] Levee Board ... is less than the amount of compensation awarded in any judgment seeking additional compensation. The attorneys fees shall not exceed 25% of the difference between the award and the amount found to be due by the State [or] Levee Board.
In this case, the Levee Board has contended that the Gravolets are not owed any money at all for the use of their property. Clearly, the Gravolets are entitled to the fair market value of the property taken and therefore are entitled to some amount of compensation.
In accordance with the cited statute, the Gravolets request that this Court order Plaquemines Parish to pay attorneys fees, as well as the fair market value of the property used.
In their memo opposing the motion for partial summary judgment, the Parish argued the following:

PLAQUEMINES PARISH IS NOT LIABLE FOR THE ATTORNEYS' FEES OF THE GRAVOLETS
Title 38, Section 513(B) of the Louisiana Revised Statutes provides in part:
Only the provision of R.S. 38:301(A) and (C)(1), 306(A) and (C), 314, 317, and 325, and parts VI and VII of this chapter shall apply to levee districts reorganized, merged and consolidated with a parish.

LSA-R.S. 38:513(B).
The Gravolets allege that Plaquemines Parish is liable for attorneys' fees under Title 38 of the Louisiana Revised Statutes, Section 301(C)(2)(f). This particular statute is not applicable according to LSA-R.S. 38:513(B) and thus Plaquemines Parish should not be liable for the attorneys' fees of the Gravolets.
The trial court granted the partial summary judgment and the Parish appealed. This court rendered judgment in Gravolet v. Board of Commissioners for the Grand Prairie Levee District, 598 So.2d 1231, 1236 (La. App. 4 Cir.1992) in which this court stated:
Plaintiffs are entitled to compensation ... Plaintiffs are entitled to attorneys fees ... We remand this case for determination of the amount of compensation, including attorney's fees, to which plaintiffs are entitled.
Defendants did not seek writs to the Supreme Court from the Fourth Circuit opinion and the time to do so has expired. Accordingly, the Fourth Circuit opinion is now final. C.C.P. art. 2201; La.Sup.Ct.R. X(5)(a).
After a hearing on August 29, 1994, the trial court issued a judgment on May 8, 1995 awarding damages and $25,000.00 attorneys fees. Defendants appealed solely on the issue *202 of attorneys fees. The amount of damages has not been appealed by defendants. Plaintiffs answered the appeal seeking an increase in the amount of attorneys fees awarded.
On appeal defendants raise one assignment of error, namely the trial court erred in awarding attorneys fees to plaintiffs in light of this court's decision in Kimble v. Board of Commissioners for the Grand Prairie Levee District, 94 1134 (La.App. 4 Cir. 1/19/95), 649 So.2d 1112, writs denied 95-0405, 95-0416 (La. 4/7/95), 652 So.2d 1347. Defendants argue that Kimble has identical facts and that this court refused to award attorneys fees.
In Kimble, supra, this court stated:
Kimble's counsel, retained under a 40% contingency fee, argue that under La.Rev. Stat.Ann. 13:5111 (West 1991), Kimble is entitled to recover attorney fees not limited to the percentage established by the expropriation statutes. Because we look upon this as a tort case, rather than an expropriation case, it is unnecessary for us to rule on the reasonableness of the $150,000.00 in fees claimed by counsel. Kimble is entitled, however, to interest from the date of judicial demand. La.Rev.Stat.Ann. 13:4203 (West 1991).
We find however that Kimble is irrelevant to the instant appeal because the threshold issue is whether defendants can appeal the issue of entitlement to attorneys fees at this point in the proceedings.
This court issued judgment on April 30, 1992 awarding attorneys fees. Defendants did not appeal the April 30, 1992 judgment and it is now final. Likewise, the issue of entitlement to attorneys fees is also final.
In Adams v. Chevron U.S.A., Inc., 589 So.2d 1219, 1226 (La.App. 4 Cir.1991), this court, relying on Serrate v. Serrate, 472 So.2d 137 (La.App. 5 Cir.1985) stated:
A judgment becomes final when the time fixed by law for appeal has elapsed without the filing of an appeal. LSA-C.C. 3556(31) (sic). Since the plaintiffs failed to appeal the granting of the motion for partial summary judgment on the punitive damage issue within the proscribed time period, that issue is res judicata and may not be considered by this court at this time. Serrate v. Serrate, 472 So.2d 137, 139 (La.App. 5th Cir.1985). The claim for punitive damages is dismissed. [Emphasis supplied].
In Tolis v. Board of Sup'rs of Louisiana State University, 660 So.2d 1206, 1206-07 (La.1995), the Supreme Court stated:

When a court renders a judgment that decides the merits of the case in whole or in part, the judgment is a final judgment. La.Code Civ.Proc. art. 1841. A final judgment may be rendered by either a trial court or an appellate court, and a judgment by an appellate court that decides the merits of the case is a final judgment, regardless of whether the case reached the appellate court on appeal or on supervisory writs.
A final judgment is conclusive between the parties except on direct review. La. Rev.Stat. 13:4231. Moreover, a final judgment acquires the authority of the thing adjudged if no further review is sought within the time fixed by law or if the judgment is confirmed on further review. La.Civ.Code art. 3506(31). Once a final judgment acquires the authority of the thing adjudged, no court has jurisdiction, in the sense of power and authority, to modify, revise or reverse the judgment, regardless of the magnitude of the error in the final judgment.
The intermediate court's judgment of March 29, 1994 dismissed plaintiffs' action in its entirety with prejudice, thereby deciding the merits of the case. That judgment was therefore a final judgment, which became res judicata and conclusive between the parties when it was rendered, although subject to modification by a higher court on direct review. La.Rev.Stat. 13:4231. Moreover, that judgment acquired the authority of the thing adjudged when this court denied certiorari. La. Code Civ.Proc. art. 2166D. [Emphasis supplied].
Thus we conclude that the issue of whether or not plaintiffs are entitled to attorneys fees is not properly before this court and is not *203 reviewable by this court because it is already res judicata. The argument is made that even if plaintiffs are entitled to attorneys fees, this court in reviewing the reasonableness of the amount awarded can find that the amount should be zero. If this court were to award the amount of zero, then we only would be doing indirectly what we lacked jurisdiction to do directly and would still be abrogating the prior res judicata ruling because we, in reality and in fact, would have awarded no attorneys fees.
It is also argued that this court exceeded its authority in awarding attorneys fees in Gravolet I because plaintiffs did not answer the appeal or appeal directly themselves. While we do not concede that the court was in error in awarding attorneys fees, it is irrelevant, because even if there is a prior error, this court does not have jurisdiction to go back and re-open cases which are res judicata even if an error does exist. "Once a final judgment acquires the authority of the thing adjudged, no court has jurisdiction, in the sense of power and authority, to modify, revise or reverse the judgment, regardless of the magnitude of the error in the final judgment." Tolis, supra, at 1206. "Thing adjudged is said of that which has been decided by a final judgment, from which there can be no appeal, either because the appeal did not lie, or because the time fixed by law for appealing is elapsed, or because it has been confirmed on the appeal.[1]" C.C. art. 3506(31). With these preliminary thoughts aside, we move on to the arguments raised on appeal.
On appeal plaintiffs seek to increase the amount of attorneys fees and seek attorneys fees for this appeal under the grant of attorneys fees already made by this court.
In his written reasons for judgment, the trial judge stated:
LSA-R.S. 19:8 is the authority for the award of attorney's fees in an expropriation proceeding. The cases dealing with that statute in terms of the computation of legal fees indicates that the proper assessment is not the contractual arrangement between the plaintiff and his attorney, rather, it is a determination of several factors, as set forth in City of New Orleans v. Condon, 600 So.2d 78 (La.App. 4 Cir. 1992).
The Court has looked to that statute and cases as guidance in this matter and has assessed each of those factors in terms of the determination of the proper amount of attorney's fees in this matter. They will not each be recited herein, however, most critical to the Court's determination herein is the fact that the trial of this matter was extremely brief, consisting substantially of trial testimony from a previous matter not involving Plaintiffs' counsel. Counsel made only two court appearances in this matterthe successful motion for summary judgment which was the subject of the earlier appeal, and the trial, which lasted only several hours.
On the other hand, the attorney for the Plaintiffs successfully argued his position in the appellate court and has obtained a favorable result for his clients. On the whole, an award of attorney's fees representing the contractual relationship of the attorneys in this matter with the Plaintiffs would be excessive.
The Court has determined that an award of $25,000.00 in attorney's fees to be adequate under the circumstances of this case. Again, most of the efforts of counsel in this matter were simply to rely on efforts of other counsel in that earlier, identical case against these same Defendants.
Plaintiff's pleading filed August 18, 1994 provides:
GRAVOLETS' PRE-TRIAL INSERTS
V.
Gravolets' Summary of Material Fact:
Finally the firm of Ricci & Giepert has taken this case on a one-third contingency fee basis, but has kept track of the number of hours it has worked on this case since its inception in July 1989.
* * * * * *

*204 IX.
Exhibits:
* * * * * *
19. Statements of Baldwin & Haspel and Ricci & Giepert.
On August 29, the day of the hearing, counsel for both parties signed and presented to the court a pleading entitled "Stipulations". The last two stipulations contained in that document are:
17. The parties agree to allow the legal bills of Baldwin & Haspel and Ricci & Giepert to be introduced as evidence.
18. The parties agree that the law firm of Ricci & Giepert has this matter on a one-third (1/3) contingency fee basis with the Gravolets.
As we noted earlier, missing from the record is plaintiff's Post-Trial Memo. Plaintiff's attorneys' time sheets and bills which had been stipulated to by all parties are also missing.
Defendant's Opposition to Plaintiff's Post-Trial Memorandum filed April 24, 1995, clearly indicates that plaintiff filed a post-trial memo and that plaintiff's memo discussed attorneys fees:
This Memorandum is submitted by the defendants ... in opposition to the memo filed by the plaintiffs ... a fee in the amount of one-third is grossly excessive and the amount should be reduced to an amount to be determined by this Court.
In the instant case, the transcript of the hearing is dated August 29, 1994. The post-trial memo was filed April 24, 1995, almost a year after the hearing, and the judgment was rendered on May 8, 1995, reciting that it is based on the hearing held in August of 1994. The reason for the delay is that all parties agreed to hold this case in abeyance while Kimble went to the Fourth Circuit. After this court's ruling in Kimble on Jan. 19, 1995, writs denied April 7, 1995, this case was resumed. The court did not hold a new hearing, but rather relied on the August 29 hearing, which is the reason why we do not have a transcript closer in time to the May 9, 1995 judgment in this record. After writs were denied on Kimble, all parties submitted their post-trial memos and the court ruled on the basis of the post-trial memos and the prior hearing.
As previously indicated, it was stipulated at trial that the Gravolets had a one-third contingency fee contract equal to $78,920.00. On appeal they argue that they should be awarded the contract amount citing Naquin v. Department of Transp. and Development of State of La., 604 So.2d 62 (La.App. 1 Cir.1992) which states:
In their final assignment of error the defendant alleges that the award of attorney fees is vague, unreasonable and excessive. In this case there was no expropriation suit filed. The State purchased the property from the landowner and simply ignored the recorded leases of the lessees. Where property is "taken" or "damaged" without an expropriation proceeding there is an inverse condemnation. State through DOTD v. Chambers Investment Co., Inc., 595 So.2d 598 at 602-603 (La.1992); Harrington v. Southwestern Electric Power Co., 567 So.2d 731 (La.App.2d Cir.1990). The standard for an award of attorney fees in those cases is set forth in Title 13, Section 5111 of the Louisiana Revised Statutes, and reads, in pertinent part:
R.S. 13 Sec. 5111. Appropriation of property by state, parish, municipality or agencies thereof; attorney, engineering and appraisal fees; prescription A. A court of Louisiana rendering a judgment for the plaintiff, in a proceeding brought against the State of Louisiana, a parish, or municipality or other political subdivision or an agency of any of them, for compensation for the taking of property by the defendant, other than through an expropriation proceeding, shall determine and award to the plaintiff, as a part of the costs of court, such sum as will, in the opinion of the court, compensate for reasonable attorney fees actually incurred because of such proceeding. Any settlement of such claim, not reduced to judgment, shall include such reasonable attorney, engineering, and appraisal fees as are actually incurred because of such proceeding.... (Emphasis Added).

*205 In Pillow v. Board of Commissioners, the Court found that a one-third percentage based on a contingent fee contract was reasonable because the case involved complex issues, meticulous preparation, extensive work and extensive hours. 425 So.2d 1267 (La.App.2d Cir., 1982), writ granted, 427 So.2d 1200 (La., 1983), writ recalled, 445 So.2d 1225 (La., 1984).
While it is true that a court is required to allow the introduction of "all admissible evidence" when an attorney fee is claimed (La.R.S.13:3738), nevertheless, proof of the value of an attorney's services is not necessary where the services are evident from the record and/or are rendered under the supervision of the court. A trial judge has much discretion in fixing an attorney fee, and his award will not be modified on appeal absent a showing of an abuse of discretion. Gulf Wide Towing, Inc. v. F.E. Wright (U.K.) Limited, 554 So.2d 1347 (La.App. 1st Cir.1989).
The record reflects that the plaintiffs' requested attorney fees was based on a contingent fee contract executed by the plaintiffs and their attorney. This contract was introduced by plaintiffs as the basis for their request for attorney fees. The contract provides that after suit is filed, plaintiffs become obligated for a fee of one-third of any award involved.
In its judgment, the court awarded "attorneys fees in an amount equal to one-third (1/3) of the $116,442.87 plus interest..." The Reasons for Judgment contain an explanation of the award of attorney's fees. The court found such an award to be reasonable in that "the provisions of the contract [were] not ... out of line with the complexity or work involved in presentation of the case ..."
It appears, from this explanation, that in making the award, the court took into account the complexity of the case and the work involved in the presentation. The trial judge heard the case. He was aware of its complexity and experienced, first hand, the work and preparedness of counsel. The reasons justifying this award, although not as comprehensive as those set forth in Pillow, id., are, nonetheless sufficient to sustain this award. Additionally, plaintiffs based their request for attorney fees on the 1/3 contract and we cannot award a greater amount. Based on the facts of this case we find no abuse of discretion by the trial court in its award of attorney's fees.
In the instant case, counsel argues on appeal that he performed much more work than the trial court judge indicates and he provides a recitation of same. He further notes that on an hourly fee basis the legal fees in the instant case prior to trial and prior to this appeal are $51,947.00 based on hourly rates of $80 to $100 through the course of this litigation.
The standard to be applied by an appellate court in reviewing a trial court award of attorneys fees is "(a) trial judge has much discretion in fixing an attorney fee, and his award will not be modified on appeal absent a showing of an abuse of discretion." Gulf Wide Towing, supra.
In State, Dept. of Transp. and Development v. Williamson, 597 So.2d 439, 441 442 (La.1992), the Louisiana Supreme Court stated:
Courts may inquire as to the reasonableness of attorney fees as part of their prevailing, inherent authority to regulate the practice of law. (citations omitted) ... Factors to be taken into consideration in determining the reasonableness of attorney fees include: (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) amount of money involved; (5) extent and character of the work performed; (6) legal knowledge, attainment, and skill of the attorneys; (7) number of appearances made; (8) intricacies of the facts involved; (9) diligence and skill of counsel; and (10) the court's own knowledge. (FN9) (citations omitted).
Footnote 9 further provides:
FN9. We note that these factors are derived from Rule 1.5(a) of the Rules of Professional Conduct, which provides:
(a) A lawyer's fee shall be reasonable. The factors to be considered in determining *206 the reasonableness of a fee include the following:
(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) The fee customarily charged in the locality for similar legal services;
(4) The amount involved and the results obtained;
(5) The time limitations imposed by the client or by the circumstances;
(6) The nature and length of the professional relationship with the client;
(7) The experience, reputation, and ability of the lawyer or lawyers performing the services; and
(8) Whether the fee is fixed or contingent.
In the instant case, the trial judge mentioned in his written reasons that he had taken the above quoted factors into consideration in rendering his judgment:
The Court ... has assessed each of those factors in terms of the determination of the proper amount of attorney's fees in this matter. They will not each be recited herein, however, most critical to the Court's determination herein is the fact that the trial of this matter was extremely brief, consisting substantially of trial testimony from a previous matter not involving Plaintiffs' counsel. Counsel made only two court appearances in this matterthe successful motion for summary judgment which was the subject of the earlier appeal, and the trial, which lasted only several hours.
On the other hand, the attorney for the Plaintiffs successfully argued his position in the appellate court and has obtained a favorable result for his clients. On the whole, an award of attorney's fees representing the contractual relationship of the attorneys in this matter with the Plaintiffs would be excessive.
The Court has determined that an award of $25,000.00 in attorney's fees to be adequate under the circumstances of this case. Again, most of the efforts of counsel in this matter were simply to rely on efforts of other counsel in that earlier, identical case against these same Defendants.
In reviewing the trial court's application of the 10 considerations in an award of attorneys fees, we cannot conclude that the trial judge clearly abused his discretion in awarding the amount of $25,000.00.
Plaintiff further argues that at a minimum he should be awarded $50,000.00 because the time sheets and bills in evidence indicate that he is entitled thereto on an hourly basis. The time sheets and bills are not in the record. It is the responsibility of the plaintiffs by virtue of their answer requesting this relief, which makes him an appellant on the issue of an attorney fee increase, to make sure that the bills and time sheets supporting his argument are in the record transmitted to this court. Accordingly, this argument is not supported by the record and thus is without merit.
Counsel seeks attorneys fees in the amount of $7,500.00 for this appeal. This court has the inherent authority to review the reasonableness of any attorney fee award. State, Dept. of Transp. & Dev. v. Williamson, supra. In this case, the issue addressed on appeal was straightforward. While it involved an interesting procedural twist, the research required to brief that issue was limited. It was adequately covered in plaintiffs' original brief, so that no reply brief was required. Although this case was reargued before a five judge panel, no supplemental briefs were filed, due to the excellent quality of the briefs already provided. Accordingly, we find that an award of $4,500.00 is a reasonable, fair and adequate compensation for the work necessary to prepare the brief and to prepare for and participate in oral argument.
For the reasons discussed, the judgment of the district court is affirmed. Attorneys fees in the amount of $4,500.00 plus costs of this appeal are to be borne by defendant-appellants.
AFFIRMED.
*207 ARMSTRONG, J., concurs in the result.
CIACCO, J., dissents.
CIACCIO, Judge, dissenting.
I respectfully dissent.
I do not believe the issue of attorney's fees is res judicata for the following reasons:
Plaintiffs' motion for partial summary judgment asked for judgment on the question of liability only.
The summary judgment found the defendants "liable to the plaintiffs for just compensation for the appropriation of plaintiffs' property." (Copies of motion and judgment are annexed hereto as appendix A).
The defendants appealed and the plaintiffs did not answer the appeal. The summary judgment did not award attorney's fees.
LSA-C.C.P. art. 2133 prohibits any modification of the judgment unless the appellee answers the appeal. The appellate court is precluded from granting additional relief if the appeal has not been answered. Raising the issue by brief does not suffice. See Tyler v. Gray Insurance Co., 599 So.2d 428 (La. App. 4th Cir.1992); Arnoult v. Arnoult, 498 So.2d 749 (La.1986); Culotta v. Great Atlantic and Pacific Tea Co., 524 So.2d 259 (La. App. 5th Cir.1988), writ denied 530 So.2d 88 (La.1988); Ward v. Schwegmann Giant Super Markets, Inc., 538 So.2d 1051 (La.App. 4th Cir.1989).
To the extent that our earlier opinion granted a judgment of attorney's fees, I find that to be dicta as the issue of attorney's fees was not properly before the court and we did not have jurisdiction to decide that issue in the first appeal. Assuming, arguendo, that we had the authority to expand the judgment of the trial court our action was not a final, appealable judgment, as we did not set the amount. Our judgment was at most a partial judgment that did not dispose of the attorney's fees issue.
As the issue of attorney's fees is not res judicata, plaintiffs are not entitled to any attorneys fees in this tort action. Kimble v. Giordano and Plaquemines Parish Government, 95-2336 (La. 2/9/96), 667 So.2d 542 and Kimble v. Board of Commissioners for the Grand Prairie Levee District, 94-1134 (La. App. 4 Cir. 1/19/95), 649 So.2d 1112.

APPENDIX A

25TH JUDICIAL DISTRICT COURT FOR THE PARISH OF PLAQUEMINES STATE OF LOUISIANA DIVISION "B"

No. 33-072

Grace Kay Gravolet Priestly, Gayle Gravolet Loupe and Benedict C. Gravolet

versus
Board of Commissioners for the Grand Prairie Levee District, Plaquemines Parish Commission Council and Parish of Plaquemines

Filed: Aug. 13, 1990

PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
NOW INTO COURT, through undersigned counsel, come Benedict C. Gravolet, Grace Kay Gravolet Priestly, and Gayle Gravolet Loupe (the "Gravolets"), and move this Honorable Court to grant them partial summary judgment on the issue of liability only, against Board of Commissioners for the Grand Prairie Levee District, Plaquemines Parish Commission Council and Parish of Plaquemines (hereinafter all referred to as "Plaquemines Parish") on the following grounds:

I.
The Gravolets' property is located immediately adjacent to the Mississippi River in Plaquemines Parish.

II.
Plaquemines Parish appropriated soil from the Gravolets' property in order to construct a back levee.

III.
The back levee was designed to protect against flooding from the marsh and not against flooding from the Mississippi River.

IV.
Under Louisiana law property may be taken without compensation only if it is batture *208 property used for levee purposes to protect against flooding from the stream or navigable waterway on which the batture lies.

V.
Therefore, Plaquemines Parish must compensate for use of the Gravolets' property used to construct the back levee protecting Plaquemines Parish from flooding from the marsh.

VI.
There are no genuine issues as to material facts, and the Gravolets are entitled to judgment as a matter of law.
WHEREFORE, Benedict C. Gravolet, Grace Kay Gravolet Priestly and Gayle Gravolet Loupe move this Honorable Court for partial summary judgment, against Board of Commissioners for the Grand Prairie Levee District, Plaquemines Parish Commission Council and Parish of Plaquemines, on the question of liability only.
 Respectfully submitted,
 BALDWIN & HASPEL
 /s/ Gary Giepert
 WILLIAM E. WRIGHT, JR. #8564
 GARY J. GIEPERT #18604
 Attorneys for Grace Kay Gravolet
 Priestly, Gayle Gravolet Loupe and
 Benedict C. Gravolet

25TH JUDICIAL DISTRICT COURT FOR THE PARISH OF PLAQUEMINES STATE OF LOUISIANA DIVISION "B"

No. 33-072

Benedict C. Gravolet, et al

versus
Board of Commissioners for the Grand Prairie Levee District, Plaquemines Parish Commission Council and Parish of Plaquemines

Filed Nov. 9, 1990

JUDGMENT
This matter came for trial on plaintiffs' Motion for Partial Summary Judgment on October 18, 1990.
PRESENT: Gary Giepert, Attorney for
 Plaintiffs Elaine Guillot, Attorney
 for Defendants
The Court, having heard the arguments of counsel and reviewing the record and the affidavits of the parties;
IT IS ORDERED that there be partial summary judgment herein in favor of plaintiffs, Benedict C. Gravolet, Grace Kay Gravolet Priestly and Gail Gravolet Loupe, and against the defendants, Board of Commissioners for the Grand Prairie Levee District, Plaquemines Parish Commission Council and Parish of Plaquemines, finding the defendants liable to the plaintiffs for just compensation for the appropriation of plaintiffs' property.
JUDGMENT READ, RENDERED AND SIGNED at Pointe-a-la-Hache, Louisiana, this 9th day of November, 1990.
 [Signature]
 JUDGE
NOTES
[1] Quoting the period contained in the original article.