|,WALTZER, Judge.
STATEMENT OF THE CASE
Paul A. Lea, M.D. sued David Jarrott, M.D. for failure to pay past due rent allegedly due under a residential lease agreement. Jarrott answered, contending that he paid Lea $40,000 for the right to withdraw from the lease, and sought dismissal or a set-off in that amount. Jarrott also claimed that Lea had taken possession of the premises and leased them to another tenant. Jarrott prayed for jury trial.
Lea moved for summary judgment, submitting his affidavit and accompanying *1099 documentation. Jarrott moved to stay the proceedings pending resolution of his Petition for Bankruptcy in Civil Action No. 97-15524 on the docket of the United States Bankruptcy Court for the Eastern District of Louisiana. Jarrott subsequently withdrew the bankruptcy petition.
Jarrott opposed the motion for summary judgment, providing his affidavit, his ex-wife’s affidavit and an excerpt from Lea’s deposition taken 12 February 1998.
| ¡.The motion was heard on 16 September 1998, and judgment was rendered on 22 September 1998 in favor of Lea in the amount of $14,018.48 plus interest on $12,-790.96 from the date of demand and costs. Jarrott did not appeal the judgment.
Lea moved for a new trial solely on the issues of his entitlement to accelerated rent and to attorneys fees. The motion was heard on 20 November 1998, and judgment was rendered on 1 December 1998, denying Lea’s motion except with respect to attorneys fees due under the lease and awarding attorneys fees in the amount of $12,474 together with costs and interest at the legal rate as provided by law. From this judgment Jarrott appeals. We affirm.
STATEMENT OF FACTS
The parties have not appealed the judgment of 22 September 1998; we adopt the trial court’s fact findings as set out in the reasons for judgment. The trial court concluded that the agreement between Lea and Jarrott was a lease with an option to purchase. The court found that the evidence did not preponderate in favor of either Lea or Jarrott with respect to the characterization of Jarrott’s $40,000 cash payment.
The court found that Lea established a breach of the lease and that Jarrott had been put in default. Although suit was filed on the breach, there was no evidence of an agreement between the parties that the lease ended. Furthermore, Lea did not obtain a judgment of eviction. In an effort to minimize his damages, Lea entered into a new lease effective 15 June 1994.
|3According to the court’s calculation, which is not at issue on appeal, Lea is entitled to rent from January through 14 June 1994 of $11,575.22; property tax of $1,062.79; termite treatment and certificate of $52.95 and contractual penalty of $1,227.52.
At the hearing on Lea’s motion for new trial, the trial court awarded $12,474 attorney’s fees, applying the contractual $125 per hour rate, which it found to be reasonable and consistent with the provisions of Rule 1.5 of the Rules of Professional Conduct.
FIRST AND SECOND ASSIGNMENTS OF ERROR: The trial court erred in awarding attorneys fees for the futile pursuit of a specious claim. The trial court erred in awarding 100% attorneys fees for 10% success on the merits.
Jarrott argues against recovery of fees for the bulk of work done after Lea repossessed the leasehold. He also contends Lea should not be compensated for work performed after Jarrott filed his answer, which admitted he had not paid rent since January, 1994. In a related argument, Jarrott contends that because Lea recovered only ten percent of the amount prayed for, he should not be compensated with the entire attorney’s fee.
The mere fact that a plaintiff ultimately recovers only a part of his claim, absent any evidence of tender of an amount allegedly not in dispute, does not form the basis for denial of otherwise recoverable attorneys fees. The filing of Jarrott’s answer did not end the litigation. There is nothing in the record to indicate that Jarrott was willing, at the time his answer was filed, to pay Lea the amount | ¿ultimately awarded by the September judgment. In fact, the record on appeal demonstrates that as recently as February 1999 Jarrott was actively defending against Lea’s attempt to collect his judgment by contested judgment debtor rule.
Jarrott argues that it is unreasonable within the meaning of Rule 1.5 of the *1100 Rules of Professional Conduct to award fees representing nearly 89% of the judgment. However, it is manifestly unjust to penalize Lea for Jarrott’s vigorous defense of the action.
There is no dispute that the lease provided for contractual attorney’s fees in case of default. Parties are free to contract for any object that is lawful, possible and determined or determinable. La.C.C. art. 1971. Furthermore, contracts have the effect of law for the parties. La.C.C. art. 1983. We find no public policy that is offended by an award of attorney’s fees in the context of the instant case.
Where attorney’s fees are provided for by law or, as in. this case, by contract, the trial court is vested with great discretion, the exercise of which will not be interfered with except in a case of “clear abuse.” Gottsegen v. Diagnostic Imaging Services, 95-977 p. 7 (La.App. 5 Cir. 3/13/96), 672 So.2d 940, 943, unit denied 96-0707 (La.4/26/96), 672 So.2d 909; see also Gravolet v. Board of Com’rs for Grand Prairie Levee Distr., 95-2477 p. 9 (La.App. 4 Cir. 6/12/96), 676 So.2d 199, 205.
Jarrott relies on three cases. In Richard v. Broussard, 495 So.2d 1291 (La.1986), the court rejected lessor’s claim for accelerated rent where the lessor had reentered the premises and used them for its own business operations. The court held that in case of a default, a lessor essentially has an election to enforce the _[¿ease, obtaining a money judgment against the lessee, or .to terminate the lease and retake possession, forfeiting the right to future rentals. Since the trial court’s September judgment is not appealed, we are not called upon to express an opinion as to the propriety of extending this rule to a case wherein the lessor reentered the property not to use it for his own business purposes but to lease it to a third party in order to mitigate damages. Likewise, we are not called upon to address the issue of whether Jarrott abandoned the premises within the meaning of the Richard case, giving rise to Lea’s entitlement to the difference between the rent payable under the lease and the rent received from the third party. The record provides sufficient basis to find that Lea’s albeit unsuccessful pursuit of additional rent was reasonable.
Furthermore, there is nothing in Richard to suggest that the lessor’s action in reentering the premises would have eliminated or diminished its right to demand contractual attorney’s fees. We likewise find no support for Jarrott’s position in Gravolet, supra.
Huckabay v. Red River Waterway Com’n, 27,113 (La.App. 2 Cir.10/12/95), 663 So.2d 414, writ denied 95-3007 (La.3/8/96), 669 So.2d 403 was an expropriation proceeding. There, the court noted that the guideline for the award of attorney’s fees in such a case is found in La. R.S. 48:453. That standard is not applicable to the instant case.
Based upon the record herein, we do not find that the trial court abused its great discretion. This assignment of error is without merit.
1 .THIRD ASSIGNMENT OF ERROR: The trial court erred in granting attorneys fees on an unverified, unsubstantiated statement riddled with inaccuracies and exaggerations.
As noted hereinabove, the lease is the law between the parties. It provides: Should an ... Attorney be hired to give special attention to the enforcement or protection of any claim of the Lessor arising from this lease, Lessee shall pay as fees and compensation to such ... Attorney an additional sum of ONE HUNDRED TWENTY-FIVE AND NO/100 ($125.00) DOLLARS per hour for the prosecution or defense of such claim, together with all costs, charges and expenses.
The provision could not be clearer. Jar-rott was aware of the lease provision, which he signed. His choice vigorously to defend his position, through and after the rendition of'judgment, has as its direct *1101 consequence the liability for contractual fees calculated not on the amount of the ultimate award but rather on the hours spent by opposing counsel. The learned and experienced trial judge reviewed the documentation and presided over the conduct of the litigation from its inception. We cannot say that he abused his discretion in awarding the fee to which the parties had agreed. This assignment of error is without merit.
CONCLUSION AND DECREE
For the foregoing reasons, we affirm the judgment of the trial court. All costs of this appeal are assessed against appellant, David Jarrott, M.D.
AFFIRMED.