United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 28, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 04-30326
_____

COLUMBINE II LIMITED PARTNERSHIP,

Plaintiff-Appellee,

versus

ENERGEN RESOURCES CORPORATION,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(01-CV-1277)

_____

Before GARWOOD, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:*

This appeal involves a question as to the proper interpretation of a sublease agreement.

Energen Resources Corporation (Energen), appeals from the district court's judgment which held that

it had improperly deducted fees from the overriding royalty interest that was owed to Columbine II

Limited Partnership (Columbine) -- for transportation and fuel costs. The district court determined

that Energen's conduct was beyond the scope of the parties' sublease agreement. The district court

then entered an order imposing monetary damages based on the period from which the royalties went

---

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unpaid. Thereafter, the district court found its original damage award constituted insufficient punishment for Energen's conduct and thereby doubled the damage award it had imposed. In addition, the district court found that Energen should be held responsible for paying Columbine's attorney's fees.

Energen argues on appeal that the district court principally committed two significant errors. First, Energen contends that the district court misconstrued the sublease agreement, which Energen believes contained language that permitted it to deduct the challenged fees. Second, assuming *arguendo* that Energen was at fault for deducting the fees, Energen nevertheless maintains that the district court erred by doubling its damage award and by including an award for attorney's fees and related expenses.

For the reasons set forth below, we hold that the district court correctly held that Energen was not entitled to deduct from the overriding royalty that was owed to Columbine, because these deductions were not expressly contemplated by the parties' sublease agreement. However, we also hold that the district court's imposition of double damages and attorney's fees, on these facts, constituted reversible error. Accordingly, we affirm in part and reverse in part.

## FACTUAL AND PROCEDURAL BACKGROUND

This matter stems from a dispute regarding whether a sublease agreement, which entitled the lessor, Columbine, to an overriding royalty from revenues generated from a gas-producing well, similarly permitted the lessee, Energen, to charge Columbine for fees associated with fuel and transportation costs necessary to transport the gas produced to the marketplace. Columbine is the successor in interest of various subleases located within the Sibley Field in Webster Parish, Louisiana. These subleases entitle Columbine to an overriding royalty from several gas-producing wells located

2

in the Sibley Field. Energen owned a working interest in the wells. Under the terms of the sublease agreement, Energen would produce the gas and sell it to third parties. Energen would then calculate the appropriate royalty fee from these sales, which would go towards paying the wells' operators. Thereafter, the wells' operators would pay the overriding royalty fee to Columbine.

Columbine learned in March of 2001 that Energen had been deducting a portion of the fee that went towards paying the wells' operators. The consequent effect of course was that Columbine received a smaller portion of the overriding royalty interest that it was entitled to. Upon learning that Energen was deducting such fees, Columbine wrote a letter to Energen asserting that Energen's conduct was impermissible under the sublease agreement's terms. In response, Energen maintained that its actions were in keeping with the conduct of its predecessor in interest, who apparently had been deducting similar fees in order to offset expenses related to transporting the gas produced to its eventual point of sale. For example, the gas would necessarily have to traverse a pipeline owned by an unrelated party in order to reach the marketplace. As a consequence, the owners of these third party pipelines would charge entities, such as Energen, a fee associated with usage of the pipelines. Because the third party pipeline owners imposed a fee for using their pipelines, Energen believed that it, in turn, was entitled to withhold a certain portion of the overriding royalty that was eventually to be paid to Columbine. Columbine subsequently brought this action in the United States District Court for the Western District of Louisiana, alleging that Energen had disregarded the express terms of the sublease agreement.

The district court held that Energen's deductions were impermissible on the basis that the language contained within the sublease agreement, which created the overriding royalty, plainly stated that Columbine's royalty interest was to be free of all additional costs, including transportation costs.

3

The district court also found that the sublease did not suggest, as Energen had argued, that Columbine's royalty interest was intended to be paid in-kind. Stated somewhat differently, the district court believed that Columbine's royalty interest was not meant to be paid based upon the value of the gas once it reached the mouth of the wellhead, as this would have permitted Energen to deduct post-production costs.[1] On this point however the district court acknowledged that the language in the sublease was less than pellucid. Nonetheless, the court held that Energen had violated the terms of the sublease agreement by withholding fees that were earmarked for Columbine.

The district court further determined that damages were owed to Columbine as a result of Energen's conduct. The court entered a judgment against Energen in the amount of $111,258.00 for unpaid royalties accruing from a period between January of 1998 through August of 2002. Moreover, the court believed that further penalization of Energen was necessary in order to serve as a deterrent to others. Therefore, the district court instituted additional penalties in reliance on Louisiana Mineral Code §212.23, which provides that upon sufficient notice, a party who fails to pay an overriding royalty and does not provide reasonable grounds as to why the royalty was not paid may be required to pay "damages double the amount due, legal interest on that sum from the date due, and a reasonable attorney's fee regardless of the cause for the original failure to pay." Accordingly, pursuant to §212.23, the district court doubled the damages that were due to Columbine, and as a result, Energen was deemed responsible for paying damages to Columbine in the

[1] The Fifth Circuit has previously explained, in a case interpreting Louisiana law, that a lessee can deduct post-production costs from an overriding royalty particularly when there is no market for the gas at the wellhead. See Freeland v. Sun Oil Company, 277 F.2d 154, 158 (5th Cir. 1960). The Freeland court explained that a lessor may not simply reap the benefit of its royalty interest, when the gas produced at the wellhead is essentially valueless before reaching the marketplace, noting that "all increase in the ultimate sales value attributable to the expenses incurred in transporting and processing the commodity must be deducted" from the percentage of royalties the lessor receives. Id. at 159.

amount of $222,516.00. The district court also found that Columbine was entitled to attorney's fees and ancillary expenses totaling $99,775.26. Consequently the sum total of the double damage award combined with the attorney's fee award amounted to $322,291.26. Energen filed this timely appeal challenging both the determination that it was not permitted to deduct a portion of fees for expenses associated with transporting the gas produced to the marketplace, as well as finding error with the district court's overarching damage award.

## STANDARD OF REVIEW

This court reviews a district court's interpretation of a contract *de novo*. Travelers Ins. Co. v. Liljeberg Enterprises Inc., 7 F.3d 1203, 1206 (5th Cir. 1993). All issues of law related to a district court's award of damages, will also be reviewed by this court *de novo*. Tyler v. Union Oil Co. of Calif., 304 F.3d 379, 401 (5th Cir. 2002). Unless a determination is made by the reviewing court that a district court has erred as a matter of law, an award of compensatory damages is an issue of fact that will be reviewed for clear error. Id. Similarly, we have recognized that if a compensatory damage award is "so gross or inadequate as to be contrary to right reason" it will not be upheld, and should be reversed. Sockwell v. Phelps, 20 F.3d 187, 192 (5th Cir. 1994).

When we review an award of punitive damages, a district court's determination is entitled to some deference, and will not be reversed absent a finding of an abuse of discretion. Id. We note that while the district court actually imposed double damages pursuant to its perceived authority under the statute, we nevertheless believe that the abuse of discretion standard is also applicable in this context.

Finally, the reasonableness and propriety of an award of attorney's fees will turn on state law particularly when such law provides the legal basis for the district court's determination in the

5

underlying matter. See Mathis v. Exxon Corp., 302 F.3d 448, 461 (5th Cir. 2002). Accordingly, an award of attorney's fees is also reviewed for an abuse of discretion. Id. However, a challenge to a district court's factual determinations in support of an award of attorney's fees are reviewed for clear error. Id.

## DISCUSSION

The gravamen of this appeal turns on the proper interpretation of the sublease agreement which governed the parties. During oral argument both parties conceded, if perhaps implicitly, that the language contained in the sublease agreement was slightly anomalous in the sense that it at once provided that Columbine's royalty interest was to be determined at the mouth of the wellhead, which under Louisiana law would have necessarily inferred that Energen was permitted to deduct post-production costs for any efforts related to transporting the gas to the commercial marketplace. See, e.g., Merritt v. Southwestern Electric Power Co., 499 So.2d 210, 214 (La.App. 2 Cir. 1986) (recognizing that under Louisiana law deductions are generally permitted for "post-production costs when the royalty payment is determined 'at the mouth of the well'"). Conversely, the parties also recognized that a separate clause in the sublease agreement expressly provided that Energen was *not* permitted to deduct fees for post-production costs associated with transporting the gas to the commercial marketplace. Given that the only express language on the subject in the sublease agreement expressly precludes the deduction of post-production transportation costs, we conclude that the district court did not err in holding those costs not deductible. Cf. Merritt, 499 So.2d at 214 (observing that under Louisiana law "[u]nless the parties *agree otherwise*, the cost of marketing gas once it has been produced is shared by the lessor and the lessee under a market-value lease") (emphasis added).

6

Given the ambiguous nature of the language contained in the sublease agreement, the fact that there is no Louisiana case law involving sublease agreements with similar contradictory language, and based upon our review of the plain text of the relevant sublease agreement, we simply believe that it was unwarranted for the district court to increase the damages awarded to Columbine far in excess of the damages that had actually been incurred as a result of Energen's conduct. We appreciate that the difficulty and unusual nature of these proceedings required the district court to decide, at least from our perspective, between two reasonable alternatives. Nevertheless, we conclude that it would be improvident to accede to the district court's sum damage award under these circumstances.

Louisiana courts have considered whether the imposition of double damages was appropriate. Generally speaking, such awards are not viewed entirely favorably unless the conduct necessitating the award was clearly egregious. See Crowe v. Equitable Life Assur. Soc., 179 La. 444, 452 -53 (La. 1934) ("Penalties in civil actions are not favored by the courts and should not be imposed except in cases that are clear and free of doubt."). A principal concern regarding the propriety of an award of double damages turns on the "reasonableness" of the conduct which mandated the award in the first instance. See Matthews v. Sun Exploration and Production Co., 521 So.2d 1192, 1195 - 97 (La.App. 2 Cir. 1988). In Matthews, a Louisiana appellate court confronted a question involving the proper amount of royalties due under the terms of an oil, mineral, and gas lease. In Matthews, Sun was found liable for nonpayment to an overriding royalty interest owner of an additional royalty interest which it had not been informed that it was responsible for paying. Sun's explanation was that the relevant contractual instruments failed to make mention of the additional royalty interest. This averment, though true, was found unavailing by the trial court which held that Sun should be required to pay damages. Thereafter, apparently troubled by Sun's conduct, the trial court imposed

7

double damages. On appeal, the <u>Matthews</u> court held that Sun's conduct was arguably reasonable because Sun had not been provided with sufficient information from its predecessors in interest which would have indicated that it was required to pay the additional royalty fee. <u>Id.</u> at 1197. Therefore, although Sun was still found responsible for paying damages related to the underpayment of the royalty interest, the trial court's subsequent imposition of double damages was held to be unreasonable. <u>Id.</u>

In the present case, we cannot say with great certainty that Energen's conduct -- deducting fees for post-production costs -- was so beyond the pale as to require the district court to impose double damages. First, it was undisputed, that Energen's predecessors in interest had engaged in the same behavior, so it was not unreasonable for Energen to believe that it was similarly permitted to deduct the fees in question. Second, the parties acknowledge that Louisiana courts have not expressly confronted a situation like this involving a sublease agreement with seemingly contradictory clauses involving post-production costs. Third, our review of the sublease agreement compels a finding that it did contain an inherent ambiguity, in the sense that the relevant clauses appear to conflict with each other. Therefore these factors, when understood in the aggregate, lead us to hold that the district court did abuse its discretion by doubling the damages that Energen was required to pay to Columbine. We reiterate however, we have no quarrel with the original damage award that was imposed by the district court, and therefore leave that ruling undisturbed.

Finally, we must briefly address the district court's award to Columbine of attorney's fees and ancillary expenses in the amount of $99,775.26. The district court's order stated that its ruling was predicated on the same reasons that led it to award Columbine double damages. Under Louisiana law, trial courts are afforded a great deal of discretion in the awarding of attorney's fees. <u>See</u>, <u>e.g.</u>,

8

Lubom v. L.J. Earnest, Inc., 579 So.2d 1174, 1182 (La.App. 2 Cir. 1991); Flint v. Rockwood Ins. Co., 455 So.2d 1251, 1255 (La.App. 4 Cir. 1984). Where permitted under law, or if necessitated by the terms of a contract, Louisiana courts have stated that attorney's fees awards will not be disturbed unless they are clearly found to constitute an abuse of the trial court's discretion. See Lea v. Jarrott, 750 So.2d 1098, 1100 (La.App. 4 Cir. 1999).

Consistent with this understanding, we have already expressed that the district court's reasons undergirding its imposition of double damages were improper. Therefore we conclude that because the district court's rationale for awarding attorney's fee was reliant on a faulty premise -- Energen's bad faith -- we find that awarding attorney's fees pursuant § 212.23 are not warranted under the facts of this case. Our conclusion is again based in large measure on the conduct of Energen's predecessors in interest, the dearth of Louisiana precedent on this exact issue which might have expressly proscribed Energen's behavior, and the inherent ambiguity contained with the sublease agreement, which we believe all militates against an attorney's fee award -- $99,775.26-- nearly as large as the original amount of damages that Columbine actually incurred – $111,258.00.

## CONCLUSION

We conclude that the district court's determination that Energen was responsible for paying damages to Columbine in the amount of $111, 258.00 was appropriate and must stand. However, the district court erred when it doubled this award to $222,516.00, and as such, this penalty must be reversed. Moreover, as the district court's award of attorney's fees of $99,775.26 dovetailed with its finding that double damages were appropriate, we find that the district court's attorney's fee award must also be reversed.

AFFIRMED IN PART, REVERSED IN PART.

9